[No. 9365. Department One. July 22, 1911.]

GEHRI & COMPANY et al., Appellants, v. WILLIAM M. DAWSON et al., Respondents.[1]

CONTRACTS—PERFORMANCE—WAIVER OF WRITTEN NOTICE OF EXTRAS. A provision in a building contract requiring the contractor to give written notice regarding extra work may be waived by an oral agreement to pay for the same as extra work, or by a course of conduct regarding changes from the plans.

TRIAL—INSTRUCTIONS—FACTS ASSUMED. An instruction upon demurrage charges may properly assume that the parties had waived provisions requiring written notice of extra work, where that was the established fact.

CONTRACTS — PERFORMANCE — DEMURRAGE — QUESTION FOR JURY. Where a technical compliance with the terms of a building contract with reference to changes has been waived by the owner and changes from the plans have been made by oral agreement, it is for the jury to say whether the changes and extra work warranted an extension of the time for the completion of the work so as to avoid demurrage charges.

Appeal by plaintiffs from a judgment of the superior court for Pierce county, Shackleford, J., entered August 8, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Boyle, Warburton & Brockway*, for appellants.
*Stevenson & Sorley*, for respondents.

FULLERTON, J.—On December 14, 1908, the appellants, being then the owners of a certain brick building situated in the city of Tacoma, known as Parker's Hall, entered into a contract with the defendants Dawson, Poindexter & Company, by the terms of which the latter named company agreed to remodel the building and erect an addition thereto, according to certain plans and specifications, at the agreed price of $6,910. The contract provided that the work should be completed on or before March 2, 1909, and pro-

[1]Reported in 116 Pac. 673.

vided a forfeiture of $5 per day for every day the completion of the building should be delayed beyond that date. The contract also contained the following provisions:

"(3)  No alterations shall be made in the work shown or described by the drawings and specifications, except upon a written order of the architect, and when so made, the value of the work added or omitted shall be computed by the architect, and the amount so ascertained shall be added to or deducted from the contract price. In the case of dissent from such award by either party hereto, the valuation of the work added or omitted shall be referred to three disinterested arbitrators, one to be appointed by each of the parties to this contract, and the third by the two thus chosen; the decision of any two of whom shall be final and binding, and each of the parties hereto shall pay one-half of the expense of such reference."

"(7)  Should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay or default of the owner, or the architect, or of any other contractor employed by the owner upon the work, or by any damage which may happen by fire, lightning, earthquake or cyclone, or by the abandonment of the work by the employees through no default of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid; but no such allowance shall be made unless a claim therefor is presented in writing to the architect within twenty-four hours of the occurrence of such delay. The duration of such extension shall be certified to by the architect, but appeal from their decision may be made to arbitration, as provided in the third section of this contract.

"(8)  The owner agrees to provide all labor and materials not included in this contract, in such manner as not to delay the material progress of the work, and in the event of failure so to do, thereby causing loss to the contractor, agrees that he will reimburse the contractor for such loss; and the contractor agrees that if he shall delay the material progress of the work so as to cause any damage for which the owner shall become liable (as above stated), then he shall make good to the owner any such damage. The amount of such loss or damage to either party hereto shall, in every case, be fixed and

determined by the architect or by arbitration, as provided in the third section of this contract."

The contractors entered upon the work immediately after the execution of the contract, and completed the same some time after the date fixed by the contract for its completion, the exact time not appearing in the evidence. The contractors, however, failed to pay certain materialmen who furnished materials used in the new construction and in the repair of the old building, and liens were filed therefor and judgments obtained thereon, which the appellants were obliged to pay to avoid a sale of the property. These sums, together with the sums paid on the contract price as the work progressed, sums paid for materials which the contractors agreed to furnish, and sums claimed for damages for defective work, greatly exceeded the contract price, and this action was brought against the contractors and their bondsmen to recover the difference. The amount claimed in the complaint was $2,685.96. The contractors and the bondsmen filed separate answers. The contractors put in issue many of the allegations of the complaint, and claimed large sums for extra work and damages for loss of time caused by the omissions and neglects of the owners, which offset the claims of the owners and left a balance in their favor of $1,573.33. The bondsmen denied liability altogether. On the issues made, a trial by jury was had, which resulted in a verdict and judgment in favor of the owners for $761.71. The owners felt themselves aggrieved at the verdict and judgment and prosecuted this appeal therefrom.

The appellants first contend that the court erred in its instruction to the jury regarding the question of extra work performed by the contractors, arguing that the instruction given permitted the jury to disregard the express provisions of the contract in that respect. The instruction given was as follows:

"Where a contract provides that written notice must be given in regard to any extra work or that there is to be a

written order before any work shall be regarded as extra work, that is such a provision as the parties may by their conduct waive in the course of the work on the contract. For instance, if the owner of the building enters into an agreement to pay a certain price for extra work without requiring the written notice or statement about the matter to be made, the making of such an agreement would be a waiver of any right to enforce the clause about the necessity of a writing. In other words, here are parties who are going ahead under an agreement that provides that certain things shall be done in writing. Now it does not mean that under no circumstances can there be a recovery for extra work unless the writing is made, but the contract means that unless the other party waives, by his conduct and acts, the right to demand such writing, there shall be no recovery, and if you find that there was a course of conduct between the parties which amounted to a waiver of the necessity of the writing in regard to extras, then you should allow recovery for extras, whether or not writing existed. If you find that verbal orders were made for extra work and the work was done pursuant to such verbal orders, you would be justified in allowing for such extra work, or even if no order was given beforehand, if the work was done and there was an agreement afterwards to pay for it, you would be allowed to find in favor of the contractor on such extra work; otherwise, however, your finding should be against the allowance for such extra work."

But the instruction was founded on the evidence. Whether the conduct of the parties amounted to a waiver of this clause of the contract was properly left to the jury.

It is also claimed that the instruction with reference to the question of demurrage was objectionable. But here, again, there was evidence tending to support the theory of the court. The building was found to be in somewhat worse condition than either of the parties anticipated. The building was found out of plumb, with the floors sagged and out of level, and when the foundations were exposed it was deemed best to strengthen them by an additional pillar. These, and matters of like character, called for continual changes in the plans, and the parties, instead of following the methods

pointed out in the contract for making such changes, simply got together and agreed upon them orally. These facts warranted the court in assuming in his instructions to the jury that the parties had waived a technical compliance with the terms of the contract with reference to such changes, and that he did not err when he left it for the jury to say whether the delays caused by these many changes and the extra work caused thereby warranted an extension of time for the completion of the building.

The principal contention of the appellants is, however, that the verdict is not supported by the evidence. They argue that if the most extravagant claims made by the contractors be conceded, the amount thereof does not equal the appellants' admitted claims by more than $1,140.90; whereas the verdict of the jury was for $761.71 only. But while it may be difficult to ascertain from the record just which of the several items going to make up the accounts of the several parties the jury took into consideration in making up their verdict, we have found no difficulty in reaching the conclusion from the items submitted that the jury might have found a lesser sum due the appellants than they actually did find. We shall not, however, undertake in this opinion to demonstrate the fact. To set forth the items of the several accounts would but encumber the record to no useful purpose. We are satisfied no error was committed by the trial court, and the judgment will stand affirmed.

Dunbar, C. J., Gose, Parker, and Mount, JJ., concur.