## NANCE et al. v. MENEFEE.

No. 15558—Opinion Filed Sept. 15, 1925.

### 1. Conspiracy — Civil Liability — Necessity for Damage.

No civil liability arises by reason of a conspiracy, unless something is actually done by one or more of the conspirators pursuant to the scheme, and in the furtherance of the object, which act results in damage. The gist of the action is the damage and not the conspiracy, and the damage must appear to have been the natural and proximate consequence of defendant's act. No recovery can be had for damages which are uncertain, contingent, and remote.

### 2. Same—Right of Creditor to Damages from Third Party in Satisfaction of Debt.

A debt due from one person to another cannot be satisfied by the recovery of damages from another person unconnected with, and a stranger to the contract whereby the debt or obligation is created. The creditor can recover damages only in satisfaction for an injury suffered, not on account of a debt due and in satisfaction of it.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by W. L. Menefee against Walter Nance and W. E. Reel. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Bowling & Farmer and Carr & Henderson, for plaintiffs in error.

Alvin F. Pyeatt, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Garvin county by the defendant in error, as plaintiff, against plaintiffs in error, as defendants, to recover the sum of $237.50, alleged damages. The defendants, Walter Nance and W. E. Reel, filed their answers by way of general denial, and upon the trial of the case to the court and jury, judgment was rendered in favor of the plaintiff for the amount sued for.

The facts, as disclosed by the record, show that the defendant in error, Menefee, was engaged in the real estate business in Pauls Valley, and in 1922, Mary F. Morgan, one of the defendants in the trial court, listed certain residence property in Pauls Valley with the said Menefee for sale for a price of $5,500, and agreed to pay him a commission of five per cent.; that the said Menefee showed the property to the defendant Walter Nance, and priced same to him at $5,500. Nance refused to take the property at that price, but afterwards communicated with Mrs. Morgan relative to the sale of the property, and after some negotiation, agreed on a price of $4,750, for the property, for which amount Mrs. Morgan was willing to sell the property, provided she could avoid paying any commission on the sale, and the record discloses that she went to the office of the plaintiff, Menefee, and attempted to discharge him as her agent in the matter, and advised him that she would not pay any commission. She also notified the defendant Nance that she would not pay any commission, and thereafter it was agreed between Mrs. Morgan, Nance, and Reel, the other defendant in the case, that Mrs. Morgan should convey the property to Reel, who would then convey the same to Nance, and this agreement seems to have been carried out, and the plaintiff, Menefee, alleges that this transaction was a conspiracy on the part of the defendants to defraud him out of his commission, and alleges that he has been damaged in the sum of $237.50, which would be the commission he was entitled to under his agreement with Mrs. Morgan.

The defendants Nance and Reel demurred to the petition upon the ground that the same did not state a cause of action against said defendants, and make the contention that if all the matters alleged be true, it would only state a cause of action against Mrs. Morgan for the alleged commission, and that the allegations of the petition do not state a cause of action as against said demurrants, and no reasonable inference can be drawn therefrom whereby the defendants Nance and Reel could be held liable for the commission on the sale, and contend that a conspiracy without damages is not actionable in a civil case. The demurrers were overruled by the court, and thereafter answers were filed by the defendants Nance and Reel. Mrs. Morgan having filed to answer or plead in any manner, judgment was rendered against her by default from which she takes no appeal. The defendants Nance and Reel also interposed demurrers to the testimony, and moved for a directed verdict, which was by the court overruled.

The appellants prosecute this appeal and set forth numerous assignments of error, wherein they except to the various orders made by the court during the progress of the trial, and to the instructions given, and the judgment rendered by the court in accordance with the verdict of the jury, but submit their case in this court on two propositions, which may be treated as one.

The only material question raised is that of the sufficiency of the petition and whether or not it states a cause of action against the appellants, Nance and Reel. In other words, does the entering into a conspiracy, or such a transaction as was had in this case, give rise to a cause of action on the part of the plaintiff, Menefee, and against the defendants Nance and Reel, to recover damages based on the commission which he was entitled to receive from Mrs. Morgan, assuming that he had a legal contract with Mrs. Morgan?

The appellee contends that it is a question of fact, and the matter having been submitted to the jury under instructions, which fairly submitted the issues as joined, and the jury having found in favor of the plaintiff in the trial court, and there being sufficient evidence to sustain the verdict, it should not be disturbed on appeal, but we do not understand this to be the real question at issue in this case. There was sufficient evidence to establish the allegation of plaintiff's petition and to justify the find-

ing of the jury under the pleadings, proof and instructions of the court, by admitting all this. The question yet remains for our determination as to whether or not any liability existed on the part of the appellants, Nance and Reel. The record further discloses that the plaintiff, Menefee was advised at all times of the negotiations between Mrs. Morgan and Nance, and had knowledge at the time of sale that same was being consummated. It is admitted apparently that the conveyance to Reel was merely for the purpose of avoiding payment of the commission to Menefee, and that in fact it was a sale from Mrs. Morgan to Nance, and while this might be denominated a conspiracy, we are unable to see how any damages resulted to the plaintiff, Menefee, by reason of the acts and conduct of the parties in this transaction. If, in fact, he had an enforceable contract with Mrs. Morgan, the transaction would in no wise affect his rights, and if he was the procuring cause in bringing about the sale between Mrs. Morgan and Nance, he evidently had a cause of action against Mrs. Morgan for the commission, and the transaction which he charges to be a conspiracy did not affect his rights in any particular. He was in the same attitude or position that he would have been had the deed been executed direct from Mrs. Morgan to Nance, upon her refusal to pay the commission, and if no damages resulted by reason of the conspiracy, and as a direct result thereof, then no cause of action could exist as between the plaintiff, Menefee, and the defendants Nance and Reel.

We find many authorities wherein a similar principle is discussed and various remedies are authorized, but we find no authority upholding such a cause of action as plaintiff seeks to establish here. 9 Corpus Juris, page 633, announces the following rule:

"If the principal fails to perform his contract with the broker, the latter may recover in assumpsit on the common money counts. If a sale by an owner who has placed lands in the hands of a broker for sale works a breach of contract with the broker, an action by him should be based on the breach and not on a performance of the contract. If a principal, in order to defraud the broker of his right to a commission, conveys the property to a third person for the benefit of a customer found by the broker, the broker may sue for the commission and is not compelled to bring an action for fraud."

Under this authority, it is clear that Menefee could have maintained his action against Mrs. Morgan for his commission, and from the above authority we would infer that un-

der some authorities an action for fraud might be maintained. The case of Cohen v. Hershfield, 9 N. Y. Supp. 512, is a case where the seller paid the commission to the wrong party, and the real estate broker brought suit to recover damages against the seller and the party to whom the commission had been paid, alleging fraud and deceit. The court held that no cause of action existed as against the broker receiving the commission, that the fraud, if any, had been practiced upon the seller, and that the broker still had his cause of action against the seller for his commission, and that the payment of commission to the wrong party in no wise affected the rights of the party justly entitled to receive the commission. The syllabus of the case is as follows:

"Where a vendee fraudulently conceals the fact that she purchased through a broker employed by the vendor, and represents that a third person was the procuring cause of the sale, whereby the vendor is induced to pay the commissions to such third person, the broker cannot sue the purchaser for lost commission, as the vendor's liability to him is not affected by such payment to the third person."

In the body of the opinion, we find a citation from Taylor v. Guest, 58 N. Y. 262, 266, as follows:

"Applying the principle referred to to the facts claimed by the plaintiff, it is apparent that he is not entitled to recovery against Lappart, the actual recipient of the commissions in question, and there is much less ground for holding the defendant. No fraud or misrepresentation was practiced upon the plaintiff. He parted with nothing on the faith of any representations of the defendant, and his right to commissions from Blumberg, at whose request he rendered the services leading to the sale, remains intact, and is in no wise or manner abridged or affected by payment of the commissions to Lappart. How then has plaintiff been damaged? If fraud and deceit were intended, it is not upon plaintiff, but upon Blumberg, who paid the commissions to Lappart. Blumberg might complain, but clearly not the plaintiff, and fraud without damage does not confer a right of action."

In 12 Corpus Juris, page 581, we find the following rule:

"For obvious reasons, however, civil liability rests on different grounds, and unless something is actually done by one or more of the conspirators pursuant to the scheme and in the furtherance of the object, which act results in damage, no civil action lies against any one. The gist of the action is the damage and not the conspiracy, and the damage must appear to have been the natural and proximate consequence of defendant's

act. No recovery can be had for damages which are uncertain, contingent, and remote."

In the case of Hutchins v. Hutchins, 7 Hill (N. Y.) 104, 107, which case is cited in a note at page 582 of 12 Corpus Juris, the following rule is announced:

"A simple conspiracy, however atrocious, unless it resulted in actual damage to the party, never was the subject of a civil action; not even when the old form of a writ of conspiracy, in its limited and most technical character, was in use."

These authorities clearly hold that the formation of a conspiracy alone is not actionable, but that it must be alleged and shown that damages resulted as a direct result of the conspiracy. In this case we think there was a total failure to prove that any damages resulted by reason of the alleged transaction. In fact, the plaintiff, Menefee, must base his rights to recover on the sale from Morgan to Nance, which was the result of the transaction or conspiracy complained of; therefore, he was not damaged, but materially benefited as a result of the transaction, if he had an enforceable contract with Mrs. Morgan.

In the case of the Security State Bank of Enid v. Reger, 51 Okla. 397, 151 Pac. 1170, a somewhat similar question was involved and the following rule announced:

"A general creditor cannot maintain an action against a third party, who fraudulently conspires with a debtor to accept a mortgage on the debtor's personal property and foreclose the same in order to hinder and delay such creditor in the collection of his debt; and such damage being too remote, indefinite, and contingent to be the basis of an action."

The court in the above opinion quotes certain excerpts from the case of Lamb v. Stone, 11 Mass. 527, as follows:

"What damage has the plaintiff sustained by the transfer of his debtor's property? He has lost no lien, for he had none. No attachment has been defeated, for none had been made. He has not lost the custody of his debtor's body, for he has not arrested him. He has not been prevented from attaching the property or arresting the body of his debtor, for he never had procured any writ of attachment against him. He has lost no claim upon or interest in the property, for he never had acquired either. The most that can be said is that he intended to attach the property, and the wrongful act of the defendant has prevented him from executing this intention. * * * On the whole, it does not appear that the tort of the defendant caused any damage to the plaintiff. But, even if so, yet it is too remote, in-

definite, and contingent to be the ground of an action."

And also quotes extensively from the case of Wellington v. Small, 50 Am. Dec. 719, wherein the Supreme Court of Massachusetts announced the doctrine as follows:

"The rule laid down by Lamb v. Stone, 11 Pick. 527, and followed in the principal case, that an action ex delicto on the case will not lie on behalf of a creditor against a third party who has assisted a failing debtor in making a fraudulent conveyance of his property, seems to be sustained both upon principle and authority. An action on the case ex delicto can only be maintained upon proof of a direct, certain, and material injury, and it is a fatal objection that the injury complained of was too remote, indefinite and contingent. As well said by Shepley, J., in Moody v. Burton, 27 Me. 427, 434, 'A debt due from one person cannot be satisfied by the recovery of damages from another person, unconnected with and a stranger to it, without some statute provision. The creditor would recover damages in satisfaction for an injury suffered, not on account of a debt due and in satisfaction of it. How are the damages which a creditor may thus recover, to be proved and estimated? The plaintiff had obtained no lien on the property conveyed by attachment, judgment, or in any other manner; had no special property in or claim to it. The only proof of loss or injury, which he could make, would be, that his debtor had fraudulently conveyed his property without having received any value for it, and with the intent to avoid payment of the debt, and that he had no other means of obtaining payment. All other creditors could make the same proof. Upon such proof he could not be entitled to recover the amount of his debt, for that is still subsisting, and it may yet be collected. Nor could he be entitled to recover the value of the property conveyed; for to that he had no better claim than other creditors. He has not therefore lost it. If it had not been fraudulently conveyed, it was as probable that it might have been applied to the payment of other debts as to his own. The debtor might have disposed of it fairly, and for a valuable consideration, or have lost it by accident or misfortune. The only loss or injury shown by the proof would be, that he had been deprived of a chance or possibility of obtaining payment from that property. This would be stating his loss or injury too strongly, for he would still have the chance of attaching or securing it, or its proceeds, in the hands of the fraudulent holder. A jury would be authorized then to estimate the value only of his chance to secure it and have it applied to the payment of his debt while in the hands of his debtor; for this only has he lost. There would be no date, tables, or other means afforded, by which such a chance could be estimated. The loss or injury would

be too uncertain and remote for legal consideration. An action like the present can be maintained only by proof of a direct, certain, and material injury."

. We think the rule or doctrine followed and established by the authorities heretofore cited determine the rights of the parties in this case, and in view of the fact that we find no Oklahoma authorities passing upon this particular question, we have quoted at considerable length from the authorities heretofore referred to, and in view of the fact that the cases of Lamb v. Stone and Wellington v. Small appear to be leading authorities on this question, and in our judgment well reasoned opinions disposing of the same, we think it clear that the contention of the appellants is correct. Their conduct might be subject to some criticism, but it did not result in depriving the plaintiff, Menefee, of any legal or just rights that he may have had in the premises, and, therefore, no direct damages could have resulted, and we hold that the trial court was in error in overruling the demurrer to the petition and in refusing to direct a verdict for the defendants, and in submitting the cause to the jury and rendering judgment for the plaintiff. The cause should be reversed and remanded to the trial court, with directions to render judgment in accord with this opinion.

By the Court: It is so ordered.

.Note.—See under (1) 12 C. J. pp. 581, 582, § 100; anno. 2 A. L. R. 281; 5 R. C. L. p. 1091, 1 R. C. L. Supp. p. 1593.