## SHARP v. KEATON.

No. 16549—Opinion Filed April 6, 1926.

**1. Fraud—Actionable Fraud—Damages as Proximate Result.**

No civil liability arises by reason of a fraud unless something is actually done which results in damage or detriment to the plaintiff. The gist of the action is the damage sustained and not the fraud perpetrated, and the damage must appear to have been the natural and proximate consequence of defendant's act alleged to be fraudulent.

**2. Action—Action not Maintainable Against Stranger to Contract for Damages in Satisfaction of Debt.**

A debt due from one person to another cannot be satisfied by the recovery of damages from another unconnected with, and a stranger to the contract whereby the debt or obligation is created. The creditor can recover damages only in satisfaction for an injury suffered, and not on account of a debt due, and in satisfaction of the indebtedness.

(Syllabus by Jones, C.)

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by S. H. Keaton against Mont T. Sharp et al. Judgment for plaintiff, and defendant Sharp brings error. Reversed and remanded.

Crump & Seawel, for plaintiff in error.

Benj. Martin, for defendant in error.

Opinion by JONES, C. This case originated in the justice court of Muskogee county, and from a judgment rendered in said court, appeal was taken to the district court of Muskogee county, wherein the cause was submitted to the court and jury, and judgment rendered in favor of the plaintiff, appellee in this court. The record discloses that the plaintiff in the trial court, S. H. Keaton, was engaged in the real estate business in the city of Muskogee, and that J. S. Rettig, one of the defendants, being the owner of certain real estate in the city of Muskogee, listed same for sale with the plaintiff, Keaton, and thereafter, on or about the 15th day of April, 1924, the plaintiff, Keaton, procured a buyer for said property, to wit, C. C. McKinney and wife, and on said date showed the property to the McKinneys, and priced same at $4,000, but was unable to close the deal at that time. The day following, to wit, April 16, 1924, it is alleged that through the efforts and instrumentality of Mont T. Sharp, one of the defendants, the deal was closed at a price of $3,850. The plaintiff, Keaton, alleges that he had a conversation with Sharp on the 15th day of April, in which he stated to Sharp that he had shown the property to the McKinneys, and was endeavoring to close the sale, and further alleges that the acts and conduct of the defendant Sharp "was done for the sole and only purpose of defrauding this plaintiff, and that by reason thereof, the said Mont T. Sharp became, was, and is indebted to this plaintiff in the sum of $192.50, being the commission due this plaintiff for the sale of said premises." And he prays judgment against the defendants Rettig and Sharp for the above sum. The defendant Rettig filed an answer, and admitted that he listed his property with the plaintiff to be sold, but avers that he also listed the same with various other real estate dealers. The defendant Sharp interposed a demurrer to the plaintiff's petition, for the reason that it does not state facts sufficient to constitute a cause of action against this defendant. The demurrer was overruled, and thereafter defendant filed his answer, which was a general denial. The defendant Sharp also interposed an objection to the introduction of evidence on the part of plaintiff in support of his petition, for the reason that it fails to state a cause of action against the defendant Sharp.

Upon the issues thus joined the cause was submitted to the court and jury, resulting in a judgment being rendered in favor of the plaintiff for the amount sued for, which was based on a commission of five per cent. upon the amount received for the property by the owner, Rettig, which was in conformity to the contract entered into by the plaintiff, Keaton, and Rettig, from which judgment the appellant, Sharp, prosecutes this appeal.

Numerous specifications of error are assigned, but we are inclined to the opinion that the first proposition urged by appellant in his brief, to wit:

"The petition does not state a cause of action against the plaintiff in error, and the court erred in not sustaining his objection to the introduction of testimony in support of its allegations"

—raises a question which is decisive of the rights of the parties to this controversy. The alleged cause of action here involved is based upon the fact that the defendant Sharp interfered or meddled with the transaction between the plaintiff, Keaton, and the purchaser of the property, McKinney, and in fact negotiated the sale of the property to the McKinneys without the knowledge or consent of the plaintiff, Keaton, and this conduct is alleged to have been in fraud of the rights of the plaintiff, Keaton, and is set up as the basis of his cause of action, in so far as the defendant Sharp is concerned. The facts set forth in plaintiff's petition are not sufficient to state a cause of action against the defendant, Sharp, and in favor of the plaintiff, Keaton. The actions and conduct of the defendant Sharp, if admitted to be true, as alleged, would give rise to no cause of action in law or equity. If the plaintiff, Keaton, had a valid contract with the owner of the property, Rettig, and was the efficient or procuring cause of the sale, by reason of the fact that he brought the

purchaser and seller together, **in such event** the plaintiff, Keaton, would be entitled to recover his commission for the sale, regardless of the interference, or alleged fraud, on the part of the defendant Sharp, and if the defendant Sharp was instrumental in consummating the transaction whereby the McKinneys purchased the property from Rettig, this could result in no detriment or loss of any kind to the plaintiff, Keaton, but would be in furtherance of his rights and his interest, and would entitle him to his commission, which is the basis of his alleged cause of action against the defendant Sharp.

In the case of Derdyn v. Low, 94 Okla. 41, 220 Pac. 945, this court has announced the following rule:

"The right of a legal action against another rests upon the breach of a legal duty resulting in damages to the plaintiff."

And section 5970, C. S. 1921, defines "detriment" as follows:

" 'Detriment' is a loss or harm suffered in person or property."

And in the Derdyn-Low Case, supra, we find this statement:

"In order to state a cause of action it is necessary for the pleader to allege four essential things, to wit: (1) That the plaintiff has been wronged; (2) of what such wrong consists; (3) the damage sustained thereby, and (4) that the defendant unlawfully or maliciously perpetrated such wrong and is liable therefor."

The petition in this case is lacking in the statement made which is alleged to consist of the wrong committed, is not a wrong as is shown to result in damages, and it also fails to allege facts sufficient to show that any actual damages were sustained.

This court has recently passed upon a case practically identical with the instant case, that of Nance and Reel v. Menefee, 112 Okla. 61, 242 Pac. 224, wherein this court held that the plaintiff's petition was wholly insufficient, and reversed the judgment of the trial court, wherein judgment was rendered for damages. The only distinction that might be drawn between the two cases is, that in the Nance Case, the plaintiff, Menefee, alleged a conspiracy between the seller of the property, the buyer, and one Reel, and in this case they charge fraud, but the facts are substantially identical, and whether the conduct complained of is alleged to be fraud or a conspiracy by the pleader, will not substantially affect or change the law governing such case. Numerous authorities are cited in the Nance-

Menefee Case supporting the doctrine announced, and we think it is based upon good reason and justice, and we therefore hold that the judgment of the trial court be and the same is hereby reversed and remanded to the trial court, with directions to dismiss the petition of the plaintiff, Keaton, as against the defendant Sharp, and render judgment in favor of the defendant Sharp for his cost.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 1167 § 77; p. 1169 § 78; p. 1178 § 86; 12 R. C. L. p. 239; 2 R. C. L. Supp. p. 1407; 5 R. C. L. Supp. p. 638. (2) 13 C. J. p. 713 § 821 (Anno).