## HUNT v. TULSA TERRAZZO & MOSAIC CO. et al.

No. 20739. Opinion Filed May 17, 1932.

Poe, Lundy & Morgan and H. R. Duncan, for plaintiff in error.

A. C. Saunders, for defendant in error Tulsa Terrazzo & Mosaic Company.

Gerald F. O'Brien, for defendant in error H. B. Rickard.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county. The Tulsa Terrazzo & Mosaic Company filed its petition in that court in which it sought to recover from Daniel Hunt a money judgment on a contract and account for labor and material furnished by it to the defendant in the construction and finishing of a building in the city of Tulsa which was known as the Hunt Building. The prayer of the petition was for a money judgment, for the establishment of a lien on the property, and for the foreclosure of the lien. Hereinafter the plaintiff will be referred to as the plaintiff and the defendant as the defendant. One H. B. Rickard, doing business as the Rickard Electric Company, intervened in the action and filed his petition in intervention seeking to recover from the defendant a money judgment on a contract and account for labor and material furnished by him to the defendant in the construction of the building. He prayed for the establishment and foreclosure of a lien for the amount of his claim. Hereinafter he will be referred to as the intervener.

It is contended by the defendant that the trial court erred in permitting the introduction of testimony by the intervener as

to services rendered and supplies furnished by the intervener which were not included in the written contract between the defendant and the intervener, and in holding that the intervener was entitled to a judgment for the amount of those items. The defendant contends that, in his contract with the intervener, the intervener agreed to furnish all of the required electrical supply material and perform all of the required electrical installation work for a consideration of $12,000, and that there was a balance due to the intervener of only $681.42. The intervener, in his itemized account, set up certain items for extra work and material on which he claimed a balance after crediting the defendant with the amounts paid thereon. The amount of that balance added to the amount due under the general contract was the amount claimed by the intervener.

The defendant contends that the intervener's petition did not state facts sufficient to constitute a cause of action for the recovery for the extra work and material alleged to have been furnished. An examination of the petition in intervention discloses that the intervener therein relied on a written contract attached thereto, and that he claimed that the defendant was indebted to him for the value of the extra work and material furnished to him by the intervener. When the petition is examined under the provisions of section 265, C. O. S. 1921, and the rule stated in Sanders v. Percy, 94 Okla. 145, 221 P. 420, Johnston v. Chapman, 38 Okla. 42, 131 P. 1076, and Daniel v. Pappas, 93 Okla. 165, 220 P. 355, we think that it was sufficient.

The exhibit attached thereto shows a credit of the amount paid by the defendant to the intervener for the extra work and material furnished by the intervener. No good reason has been assigned by the defendant why he would pay a part of the claim of the intervener for extra work and material and refuse to pay the balance of the claim. The defendant did not attempt to show that the extra work and material claimed by the intervener to have been furnished and shown in the itemized account attached to and made a part of the petition in intervention, was not furnished by the intervener. The defense of the defendant to the claim of the intervener for the extra work and material furnished by the intervener was based on the claim heretofore discussed and upon the further claim that, under the provisions of the contract, as follows:

"No alteration shall be made in the work except upon written order of general contractor (owner so designated), the amount to be paid by the general contractor or deducted from the subcontractor by virtue of such alteration to be stated in said order."

We think that there is no merit in that contention. In A. Gehri & Co. v. Dawson, 116 Pac. 678, the Supreme Court of Washington held:

"Where a contract to remodel and repair a building provided that no extra work should be done without a written order from the architect, and the contractor claimed sums for extra work, and there was evidence as to acts of the parties not conforming to such provision, the question of whether the conduct of the parties amounted to a waiver thereof was for the jury."

The same court, in Crowley v. United States Fidelity & Guaranty Co., 69 P. 784, held:

"Where an owner orally directed alterations in buildings under construction, which directions were accepted by the contractor, the owner thereby waived the provisions of the contract requiring written evidence thereof to render him liable therefor; and oral evidence was admissible to show such services, and their reasonable value, in an action by the owner on the contractor's bond."

See, also, Pippy v. Winslow (Ore.) 125 P. 298, and The Sappho, 94 Fed. 545.

The evidence sufficiently shows that the extra work and material furnished by the intervener were not included in the general contract between the defendant and the intervener, and that they were furnished upon the request of the defendant and his agents. The prices charged were reasonable and just and conformed to the unit prices fixed by the terms of the general contract providing for extra work. The offsets asked for by the defendant on account of alleged inefficient work and omission relate to that part of the material and services which were furnished and rendered under the provisions of the general contract, and not to the claim of the intervener for extra work and material.

The intervener alleged in his petition that he had furnished extra material and performed extra labor in accordance with the terms of the contract and at the specific request of the defendant. He attached to his petition and made a part thereof an itemized statement of the extras furnished. It was not necessary for him to set out the separate items furnished in his petition, since an itemized statement thereof was attached to the petition as a part thereof. Othenin v. Theimer, 107 Okla. 38, 229 P. 542. There was no objection interposed by the defendant to the form of the petition prior to the trial. Had an objection thereto been made

by motion or otherwise, the intervener would have had an opportunity to amend his petition to meet the objections raised. Proof was introduced by the intervener showing specifically the items of extra labor and material furnished. If there was any defect in the form of the petition, it will be considered as amended to conform to the evidence. St. Louis-S. F. Ry. Co. v. Simmons, 116 Okla. 126, 242 P. 151.

As to the judgment which was rendered against the defendant in favor of the plaintiff, the error complained of is nothing more than a contention that the judgment is contrary to the evidence. The defendant, in his answer, alleged that the work contracted to be done had not been finished; that the quality of the work did not conform to the requirements of the contract; that the contract was indivisible, and that the amount claimed by the plaintiff will not become due until the work is completed. The principal objection of the defendant, as shown by the testimony, was that the terrazzo floors laid in the hallways were not sufficiently polished to the walls in the corridors, and that they had a dirty appearance. The record shows that the terrazzo work was to compare favorably with that found on the floors in the halls in the Mid-Continent Building in the city of Tulsa. The construction superintendent testified that he was familiar with terrazzo work; that he had observed the terrazzo work on the floors of the Mid-Continent Building, and that he considered the work in question to be better than the work on the floors in the Mid-Continent Building. Mr. Blair, another construction superintendent of many years' experience, testified to the same effect. He testified that the color and finish was first class. There was some testimony tending to show that there was no luster on the terrazzo work, but the testimony shows that that luster is produced by the use of wax over a long period of time and that the work in question was like other terrazzo work that had been recently completed.

In Robinson v. Beaty, 75 Okla. 69, 181 P. 941, this court held:

"Since the rule of exact or literal performance has been relaxed, literal compliance with a building contract is not essential to a recovery thereon, but a performance thereof in all its material and substantial particulars is sufficient."

We have found no error in the judgment of the trial court in favor of the plaintiff and no error in the judgment of the trial court in favor of the intervener, and those judgments are in all things affirmed.

We have been requested to render judgment on the supersedeas bonds herein. Judgment is rendered thereon as per journal entry to be furnished by the payees therein named, in favor of the payees therein named and against the maker and his sureties in conformity with the provisions of the bonds and of the statute.

RILEY, CULLISON, SWINDALL, Mc-NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (3), 10 R. C. L. 844; R. C. L. Pocket Part, title Estoppel, § 149. (4), 21 R. C. L. 577 et seq.; R. C. L. Perm. Supp. p. 5076; R. C. L. Pocket Part, title Pleading, § 130. (5), annotation in 66 A. L. R. 649; G R. C. L. 909 et seq.; R. C. L. Pocket Part, title Contracts, § 296.