# RAITMAN v. McCUNE.

No. 21986.   March 20, 1934.

512

to draw plans and specifications and superintend the construction of a two-story residence thereon, for which plaintiff was to receive compensation in an amount equal to 5 per cent. of the cost of said building; that he performed the services in compliance with his contract; that in addition to the services so rendered, he took out and paid for a building permit for defendant at a cost of $12; that the cost of construction of said building was $19,944.80, making the amount due for such services the sum of $997.24, to which should be added the $12 paid for the building permit; that defendant had paid plaintiff on account thereof the sum of $250, and no more, leaving a balance due of $759.24.

He also pleaded the preparation and filing of a lien statement as provided by law, attaching a copy thereof to his petition.

Defendant, by answer, amended answer, and second amended answer, admitted the employment of plaintiff by oral contract to furnish plans and specifications and superintend the construction of a building in replica or similar to the one in which defendant was then living and which was owned by plaintiff; he alleged, however, that the contract was that the plaintiff should have as compensation for his services the sum of $600 for the plans and specifications and $200 for superintending the construction. He admitted the payment of $250. He denied that plaintiff had complied with the contract, and alleged that on account of a breach thereof defendant had caused the employment to be terminated, and that he owed plaintiff nothing.

He then alleged that after plaintiff had filed his lien claim, defendant did dicharge and release same and deposited the cash and bond as provided for in section 7465, C. O. S. 1921 [O. S. 1931, sec. 10980].

Samuel A. Boorstin and E. M. Calkin, for plaintiff in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

RILEY, C. J. This action was commenced by defendant in error (in the court of common pleas of Tulsa county) against plaintiff in error to recover for services alleged to have been rendered in the preparation of plans and specifications for the erection of a certain building and for superintending the construction thereof, and to establish and enforce a laborer's lien.

Plaintiff in his petition alleges, in substance, that he entered into an oral contract with defendant whereby defendant employed plaintiff to survey certain lots in the city of Tulsa owned by defendant, and

By way of counterclaim, defendant reiterates his claim that the contract called for payment of only $800. He then alleged negligence and inefficiency on the part of plaintiff in preparing the plans and specifications in several particulars whereby he claims plaintiff had failed to properly prepare the plans of the building, resulting in the erection of a building different in several particulars, set out, from that he had contracted for; in that the living room was smaller than contemplated in the contract, one of the inside walls being placed some 18 inches from where it should have been; that certain changes had been made in the stairway, whereby he claimed to have been damaged more than $2,500, but he waived

the excess over $2,500, for which sum he prayed judgment against plaintiff.

Plaintiff replied by general denial of new matter.

The cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $759.24. The court allowed plaintiff an attorney's fee in the sum of $300. From the judgment and order, defendant appeals.

There are nine assignments of error, but such of those as are presented in the brief of plaintiffs in error are presented under two propositions, stated as follows:

"1. A new trial must be granted for the reason that a lien was given for the entire contract price, whereas the proof shows that plaintiff was discharged prior to full performance. He cannot have a lien for damages for breach of contract, and the allowance of such is reversible error.

"2. Since the plaintiff is not entitled to a lien, the judgment allowing him an attorney's fee is not proper."

Defendant cites a number of authorities which in effect hold that one employed to superintend the construction of a building not completed because of the owner's financial inability has an action for damages in which he can recover profits he would have made had the contract been fully performed, but that he cannot recover damages in an action to foreclose a mechanic's lien.

The authorities cited have no application here. In the first place, plaintiff contended that he had fully complied with his contract and commenced the action to foreclose his lien. Defendant did not in his pleadings deny the contract, but contended for a different amount of compensation, and alleged that plaintiff had breached the contract. Furthermore, no lien was adjudged in favor of plaintiff. At the trial it was stipulated that defendant had made the deposit and given the bond provided for in section 7465, C. O. S. 1921 [O. S. 1931, sec. 10980].

Defendant pleaded that he had procured the discharge of the lien by depositing the money and giving the bond, and the court found that such deposit had been made, and the judgment does not give a lien for the amount of the claim or any other amount. After the deposit was made, the lien was discharged by operation of law. Thereafter it became a question of how much, if anything, plaintiff was entitled to recover. This issue was tried to the jury on conflicting evidence as to the terms of the contract as well as the alleged breach of the contract by plaintiff. True, the evidence does show that a very small amount of work remained to be done on the building at the time defendant discharged or attempted to discharge plaintiff. But the building was substantially completed. It is not shown that the contractor in doing whatever was necessary to complete the building was not guided by the instructions given by plaintiff before he was discharged. So far as the record shows, no one was employed to superintend the work necessary to complete the building.

Omissions or imperfections so slight that they cannot be regarded as an integral or substantive part of the original contract do not deprive the contractor of his right to compensation. Whether a contract has been complied with is a question of fact for the trial court or jury, as the case may be. In this case the jury by its verdict must have found that plaintiff had complied with his contract. In this connection it must be borne in mind that the principal issue as formed by pleadings was not whether plaintiff had failed to furnish plans and specifications and superintend the construction of the building, but was as to what compensation plaintiff was to receive. Plaintiff contended that such compensation was to be 5 per cent. of the cost of the building, while defendant contended that the compensation provided for in the contract was $600 for the plans and specifications and $200 for superintending the construction. Defendant made no claim in his pleadings for a deduction on account of failure to completely superintend the construction.

The jury by its verdict must have found the contract price to be that claimed by plaintiff, otherwise the verdict could not have been for the full amount claimed.

In Gould v. McCormick (Wash.) 134 P. 679, a case in many respects like the one here under consideration, the Supreme Court of Washington quoted with approval from Sedgwick on Damages (9th Ed.) vol. 2, section 614, the following:

"Where a contract price is fixed in the contract, this becomes the standard of value of the contract; the profit being the difference between the contract price and the cost or value of performance. The application of this rule may be examined in cases of several sorts. In the first class of cases the plaintiff on his side undertakes to perform some act for the defendant, and in return the defendant agrees to pay money for the plaintiff's act. In such case the profit of the contract is represented by the

contract price, less the cost of performing the act to be done by the plaintiff."

The rule stated was there made applicable in an action to foreclose a mechanic's lien for services of the same character as here involved. It is true that the evidence shows that defendant discharged plaintiff before the work was completed to the last detail. But if he wrongfully discharged plaintiff, then, under the rule above stated, plaintiff was entitled to recover the contract price less the cost of performing the act to be done by plaintiff. The cost of superintending the trivial amount of work yet to be done not having been shown, the jury was justified in allowing plaintiff the full contract price.

On the question of attorney's fee, the rule is that under statutes allowing a deposit to be made, such as section 7465, supra, by making the deposit and giving the bond in accordance with such law, the owner does not acknowledge claimant's right or waive any defense the owner may have. But the lien is thereby discharged and the money deposited stands in the place of the lien.

The conditions of the bond required by the statute are that the person giving it will pay any reasonable attorney's fee and all court costs and interest that may be adjudged against him by any court of competent jurisdiction in the event such claimant recovers judgment on such claim in the amount for which such claim is filed. Said section further provides that claimant may make the sureties on the bond defendants in the suit on the claim, and judgment may be rendered in such action on the bond for whatever amount the court may decree for a reasonable attorney's fee, costs of suit, and interest, but in the event the lien claimant does not recover judgment finally for the full amount of the cash deposited, no liability shall exist and no judgment shall be rendered thereon for any amount. It will thus be seen that the owner, by making the deposit and giving the bond under said section, not only procured a release of the lien, but preserves his right to contest the claim, and in the event he is able to defeat recovery for the full amount of the claim he is not liable on the bond for any attorney's fee.

Plaintiff, having obtained judgment for the amount of his claim, is entitled to such reasonable attorney's fee as the court may decree.

The trial court, upon hearing, fixed the amount of attorney's fee at $300. Defend-
ant makes no claim that the attorney's fee is excessive or unreasonable.

The judgment is affirmed.

Section 7465, supra, provides that appeals may be taken by any party to the action in the same manner and to the same extent as in other civil actions. Supersedeas bond in the sum of $2,250, by defendant as principal with D. C. Turner, surety, is incorporated in the record.

Plaintiff moves for judgment on the bond against the principal and surety.

It appearing that said motion is well taken, it is ordered and adjudged that plaintiff have and recover judgment against said Sam B. Raitman, principal, and D. C. Turner, surety on said supersedeas bond, for the full amount of said judgment, attorney's fee, interest, and costs as per journal entry to be furnished by plaintiff.

CULLISON, V. C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.