**ROOSEVELT MATERIALS COMPANY, a Corporation, Appellant,**

v.

**NOLAN BROTHERS, INC., a Corporation, Appellee.**

No. 5969.

United States Court of Appeals Tenth Circuit.

March 23, 1959.

**808**

C. J. Watts, of Looney, Watts, Looney & Nichols, Oklahoma City, Okl. (Anna B. Otter, Oklahoma City, Okl., on the brief), for appellant.

Richard W. Fowler, of Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, Okl., for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Roosevelt Materials Company, an Oklahoma corporation, brought this action against Nolan Brothers, Inc., a Minnesota corporation, to recover damages for an alleged breach of contract. The case was tried to the court without a jury, and judgment was entered for defendant.

The defendant Nolan was a prime contractor with the United States for the construction of certain facilities at Clinton Sherman Air Force Base at Clinton, Oklahoma. The Doyle Gilbert Contracting Co., as a subcontractor, agreed to furnish Nolan particular paving materials known as "aggregate", specified and required by the prime contract. This subcontract contained a provision that Gilbert should produce the materials from a location known as the "Graumann lease". Thereafter Roosevelt contracted with Nolan to furnish other paving materials described as "screenings". This subcontract provided: "Supplier (Roosevelt) shall have the option to furnish all materials which Doyle Gilbert Contracting Co. may not be able to produce under his present contract". Gilbert, in order to continue performance under his contract, abandoned the Graumann lease and, subsequent to the execution of Roosevelt's contract, furnished the required materials from other locations. Roosevelt contends that Gilbert's subcontract restricted the materials which he could furnish to those produced from the Graumann lease, and that Nolan's acceptance of materials produced from other sources constituted a denial of the option right.

At the close of the plaintiff's evidence, the trial court sustained a motion for judgment in favor of the defendant, after concluding that the parties to the Nolan-Roosevelt contract intended the option to be exercisable only after Gilbert became unable to supply acceptable materials from any source whatsoever, and that since Gilbert had substantially performed his subcontract, Roosevelt's option to furnish materials which Gilbert had agreed to supply never became effective.

Speaking of the court's function in determining the intention of parties to a contract, we said in Liberty Nat. Bank & Trust Co. v. Bank of America

Nat. Trust & Sav. Ass'n, 10 Cir., 218 F.2d 831, 840:

"The primary function of judicial interpretation is to ascertain and give effect to the intention of the parties as expressed in their writing. And the basic rule of universal acceptation for the ascertainment of such intention is for the court, so far as possible, to put itself in the place of the parties when their minds met upon the terms of the agreement, and, taking into consideration the writing itself, its purpose, and the circumstances leading up to and attending its execution, endeavor to ascertain what the parties purposed and intended by their agreement."

Applying this rule, we think the evidence shows that the parties did not intend that the option would become effective if Gilbert supplied the materials from sources other than the Graumann lease.[1] When its contract was executed, Roosevelt did not know of the provision in the Gilbert contract which referred to the place of production. It knew only that the materials were being furnished from the Graumann lease and that Gilbert would be required to resort to some other source of supply to carry out his contract. When Gilbert abandoned that location and furnished the materials from other sources, Roosevelt did not assert any right under the option and made no demand upon Nolan for that purpose. It is clear that the parties intended that the option would become operative only in case Gilbert failed to perform.

■ It is conceded that Gilbert supplied the materials required by his contract in good faith. The furnishing of materials which satisfied the contract

specifications, from locations other than the Graumann lease, was, at the most, no more than a technical variance from the specific terms of the contract, and was not detrimental to Nolan. Gilbert did not cease production "under his present contract", and therefore, Roosevelt never had the right to exercise the option. 12 Am.Jur., Contracts, § 343; Baer Bros. Land & Cattle Co. v. Reed, 10 Cir., 197 F.2d 569; Oklahoma Transp. Co. v. Hartford Accident & Indemnity Co., 206 Okl. 603, 245 P.2d 717; Raitman v. McCune, 167 Okl. 511, 30 P.2d 878; Hunt v. Tulsa Terrazzo & Mosaic Co., 157 Okl. 174, 11 P.2d 521; Robinson v. Beaty, 75 Okl. 69, 181 P. 941.

Affirmed.

---

1. The trial court found: "In the negotiation and execution of the subcontract of February 21, 1956, plaintiff and defendant did not intend the option provision contained therein to become effective as long as the said Gilbert was able to supply acceptable aggregate, from whatever source obtained, to meet the defendant's needs, and did not intend that said option provision should apply, or become effective, merely because the said Gilbert might find it necessary to produce the materials required by his subcontracts from locations other than his Penner and Graumann leases."