**Eva McGUIGAN, Plaintiff in Error,**

**v.**

**LeRoy HARRIS, d/b/a East Side Construc-
tion Company, Defendant in Error.**

**No. 40909.**

Supreme Court of Oklahoma.

April 30, 1968.

Spillers & Spillers, Tulsa, for plaintiff in error.

N. E. McNeill, Jr., Pat Malloy, Tulsa, for defendant in error.

BERRY, Justice.

On May 5, 1961, Eva McGuigan executed the following contract, quoting pertinent provisions:

"Construct a Tornado and Fall Out Shelter with approved Fall Out entrance and 8′ x 10′ x 6½′ high ceiling Shelter Room, 10″ wall and 12″ Roof Steel reinforced, 3500 # mix, with conduit thru wall, and 12 x 12″ Steel door vault. Sheet Steel doors with locking device, with two hand rails along entrance wall and outside and parallel entrance. Also with brackets and counter balanced weights to facilitate operation of doors with minimum effort.

"Fence and shrubs to be replaced and yard left in good condition.

"Materials and labor to cost $1495.00 payable $250.00 on 5/8/61 and balance upon completion."

McGuigan made the specified down payment and the contractor proceeded with the work. The last labor and/or material was furnished June 9, 1961. The contractor's lien was filed September 7, 1961. The action by the contractor for money judgment and foreclosure of the mechanic's and materialman's lien provided the basis for this appeal.

The contractor, referred to as plaintiff, filed suit on April 9, 1962, against McGuigan, hereafter called defendant, alleging execution and completion of the contract, and an unpaid balance due of $1,245.00, secured by the lien. Further, having perfected the lien plaintiff was entitled to judgment for amount with interest, costs and attorneys' fees and enforcement of lien by foreclosure (subject to a senior mortgage), and sale of premises in satisfaction of judgment, with any other relief provided by equity.

Defendant's amended answer and cross-petition principally asserted evidentiary matters, but specifically alleged failure of performance under contract terms and specifications; and asked dismissal of the action. By cross-petition defendant alleged failure of performance and procurement of contract by fraudulent representations with intent to defraud defendant of the down payment, and the purported lien thereunder constituted a cloud upon defendant's title. Defendant asked judgment for $250.00, reasonable attorneys' fee, damages to property arising from fraud as might be fixed by court, and a decree quieting title against plaintiff or anyone claiming under the contract.

Plaintiff replied by general denial, and answered by denial of all matters other than defendant's ownership of the property and execution of the contract.

The case was tried to a jury and submitted under instructions which presented the issue of damages arising from defendant's failure to pay, although plaintiff had substantially performed the contract, and if plaintiff had done everything necessary under the contract then plaintiff was entitled to recover the amount claimed. Concerning the issues under the cross-petition the court instructed if there was no contract, or if plaintiff had failed to perform the jury should find not to exceed $250.00 as defendant's damages.

The jury returned a verdict for plaintiff in the amount of $1,145.00 upon which judgment was rendered. Upon hearing of defendant's motion for new trial the trial court overruled the motion provided plaintiff make remittitur of $150.00, which plaintiff agreed to do. The present appeal resulted from these proceedings. Defendant died after the case was tried and her executor was substituted as plaintiff in error by appropriate order.

Defendant's principal contention involves error assertedly inhering in the trial court's rendition of judgment for plaintiff, in view of the showing of failure to complete the contractual obligation. Answering such contention, plaintiff urges application of the rule that exact or literal performance of a

building contract is not essential to recovery, since substantial performance is sufficient. Citing Hunt v. Tulsa Terrazzo & Mosaic Co., 157 Okl. 174, 11 P.2d 521; Raitman v. McCune, 167 Okl. 511, 30 P.2d 878.

Determination of the issue urged necessarily would involve review of the evidence in an effort to ascertain whether there is any evidence reasonably tending to support the verdict. Without alluding to the testimony, the pleadings should be analyzed in order to separate the issues the parties sought to raise, and to reflect matters dispositive of the appeal.

The petition, after alleging furnishing of labor and materials under contract and perfecting of the lien, alleged performance of "all conditions and requirements" according to terms of the contract and sought judgment for the amount claimed. Generally denying any responsibility under these allegations defendant then sought relief by cross-petition which asked: (1) recovery of $250.00; (2) reasonable attorneys' fee; (3) costs; (4) such damages to her property resulting from fraud and misrepresentation as the court determined; (5) decree quieting title to property; (6) all other proper equitable relief decreed by the court.

Analysis of the cross-petition discloses that under prayer (1) defendant simply asked recoupment for $250.00 laid out, there being no allegation of damage related to this item. (2) The claim for attorneys' fee was an allowable item to the prevailing party in a statutory lien foreclosure proceeding. (3) The claim for such damages as the court deemed just was a nullity. It is axiomatic that in attempting to plead a cause of action for fraud and deceit the pleading must show damage to the declarant resulting from alleged fraudulent acts. The gist of this action is the damage sustained as the natural and probable consequence of the acts charged, and not the fraud perpetrated. 23 O.S.1961, § 4; Sharp v. Keaton, 117 Okl. 131, 245 P. 852. There is no prayer for a sum certain as compensation for any ex delicto act by plaintiff. (4)

This item or claim under the cross-petition simply asked equitable relief, and added nothing to the relief claimed by way of damages. (5) The claim for costs was permitted by statute. (6) The prayer for further equitable relief was nothing more than a general prayer for judgment in favor of defendant upon the cross-petition and tendered no further issue.

By Instructions 1 and 9 the trial court instructed the jury:

### 1

"You are instructed that any person who suffers detriment from the unlawful act or omission of another may recover from the person at fault compensation therefor, in money, which is called damages. Detriment is loss or harm suffered in person or property.

"Damages must, in all cases, be reasonable."

### 9

"You are instructed that if you find for the plaintiff in this case, then the amount of damages will be such sum as you find reasonable and necessary but not to exceed the sum of $1,245.00, the amount sued for.

"You are further instructed that if you do not find for the plaintiff but find for the defendant on her cross petition, then her damage will be such sum as you find reasonable and necessary but not to exceed the sum of $250.00, the amount sued for by the defendant; and you are further instructed that if you find that both the plaintiff and defendant under these instructions have failed to prove their claims against one another, then you will be authorized to return a verdict which indicates a holding for neither party."

In the event defendant's cross-petition had alleged and properly prayed damages accruing from plaintiff's failure to perform the contract then instruction No. 1, above, properly could have been given the jury. Such was not the case. There was no prayer for a sum certain claimed as

compensation by way of damages for any ex delicto act charged against plaintiff.

Instruction No. 9, above, attempted a three-fold charge to the jury defining the means of measuring the parties' relationship and contemporaneous responsibility. The first paragraph of this instruction advised the jury how to fix plaintiff's "damages." Plaintiff plead and sought to prove a cause of action ex contractu, for recovery of the amount due and owing under the written agreement. No claim was made, or effort made to prove, any right to recovery upon any basis other than the perfected statutory lien. However, under this instruction, and particularly when considered in connection with instructions 4 and 8, the jury was permitted to consider and determine the cause by assessing "damages" upon a pseudo quantum meruit basis, even though plaintiff claimed only the right to recover upon the perfected lien.

■ From the standpoint of the cross-petition, it is clear the instructions failed to advise the jury properly concerning the issues sought to be raised. We have pointed out above the first item simply asserted a right to recoupment of the down payment, because plaintiff did not intend compliance with the contract.

The latter portion of the instruction advised that the issues could be adjudged against both parties in the event the jury determined each party had failed to prove a claim. At least, this instruction could have performed no function except to confuse the jury as to the issues to be decided when considered with instruction 4, above.

■ Plaintiff relied upon the perfected lien accruing under the written contract. Defendant never accepted the completed structure, and at all times maintained plaintiff had failed to perform under the contract. The court attempted to instruct as to substantial performance which, in effect, permitted the jury to find for plaintiff upon a quantum meruit basis. The jury verdict was less than the amount to which plaintiff was entitled under the lien Upon hearing the trial court insisted upon a remittitur in lieu of granting defendant's motion for new trial. From this the conclusion is inescapable that both the jury and the trial court recognized the evidence showed defendant had received less than was required under the contract.

■■ Under the circumstances it is apparent the trial court was required to define substantial performance by a wider explanation of the term, including fitness of the structure for the purposes for which presumably built. The omission to instruct the jury properly upon such fundamental issue constituted prejudicial error which requires reversal of the judgment and remand of the case for new trial. Britton v. Groom, Okl., 373 P.2d 1012.

Since the case must be tried again, we necessarily avoid discussion of the evidence, and consideration of other questions which should not arise upon retrial.

Judgment reversed and cause remanded for new trial.

IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and LAVENDER, JJ., concur.