STATE of Oklahoma, ex rel. SOUTHWEST-
ERN BELL TELEPHONE COMPANY, a
foreign corporation, and David Smith, an
Individual, Petitioners,

v.

Honorable Elvin J. BROWN, Judge of the
District Court of Cleveland County,
Oklahoma, Respondent.

No. 46989.

Supreme Court of Oklahoma.

Feb. 19, 1974.

**492**

Robert D. Allen, Oklahoma City, John M. Luttrell, Norman, for petitioners.

Terry Shipley, Noble, for respondent.

LAVENDER, Justice:

Petitioners seek a writ of prohibition directed to the respondent district judge directing him to desist and refrain from proceeding and exercising jurisdiction over petitioners in a certain action brought against them in the district court. This Court by order of November 16, 1973, assumed original jurisdiction and ordered that the respondent be prohibited from proceeding further in the matter until further order of this Court. We have now determined that the writ should issue. The reasons therefor follow.

Plaintiffs' cause of action as reflected in its pleadings is based upon alleged fraudulent misrepresentation by the company's agents to the plaintiff residents and merchants of the town of Noble, Oklahoma:

a. That the cost of the users of the town's telephones under a proposed Wide Area Calling Plan for which the petitioner telephone company would apply to the Corporation Commission for authority to establish, would be $4.00 to $5.00—the same as the increased cost to users of telephones in the City of Norman, Oklahoma, whereas in truth the increased cost to Norman residents was represented by the company to be about 90¢ per single party residential telephone.

b. That plaintiffs could participate in the Wide Area Calling Plan by purchasing a Norman exchange number by paying $3.00 monthly per shortest distance mile, whereas, in truth, they have not been able to do so, and have been advised that they may purchase a CE prefix at a much higher cost.

c. That the town of Noble would be in the Wide Area Calling Plan, along with the City of Norman and other cities and towns, whereas in fact the town of Noble is not so included.

Plaintiffs say that in reliance upon the aforesaid representations they did not appear or protest, or ask to be included in the Wide Area Calling Plan at the hearing upon the company's application before the Corporation Commission; that they advised many of their customers, friends, and others that they would be able to be contacted within the Wide Area Calling Plan; that they have been forced to incur expense in later applying to the Corporation Commission for inclusion within the Wide Area Calling Plan; that they have incurred, and will incur, injury to their businesses arising from curtailment of communications with their customers in the Wide Area Calling Plan arising from increased costs of communication with customers and others who are within the Wide Area Calling Plan; and that they have suffered embarrassment and injury to reputation from having advised their customers, friends, and others that they would be acquiring a Norman telephone number or would be in the Wide Area Calling Plan. Plaintiffs claimed damages of $5,000.00 and asked for punitive damages of two million dollars.

The trial court entered an order reflected in a court minute as follows:

"Defendants motions for summary judgment sustained to extent that nominal damages only may be awarded plaintiffs for actual damages for misrepresentation, if any, that plaintiffs could acquire foreign service direct into the Norman exchange for $3.00 per direct mile per month, the rates being actually fixed by the Corporation Commission and beyond control by defendants, whether or not there was misrepresentation. Exemplary damages may be considered if nominal damages awarded for defendant has no right to misrepresent facts to prevent protests."

Proposition I of Petitioners' brief states that there can be no recovery of damages against the defendants for misquoting a regulated rate or charge. They say that the trial court has no jurisdiction over the issues because they are, by constitutional and statutory provisions, entirely within the jurisdiction of the Corporation Commission, whose actions are reviewable only by the Supreme Court, and they quote from cases that reflect the uniqueness of public service contracts to support this conclusion. They say that private contracts, between the Utility and others, not authorized by the Commission, are void. They cite a federal case in South Carolina and the appeal therefrom in support of the idea that no action in fraud and deceit will lie on an oral contract between a party and a utility, relief lying with the Commission; and further, that plaintiffs could not have established damages because plaintiffs could not have predicted a different regulatory order result from the Commission. They say that until the Corporation Commission has authorized the rate plaintiffs claim they are entitled to, the failure of defendants to provide the service at the unlawful rate sought by plaintiff cannot give rise to a claim that is within jurisdiction of the district court. They say that, even in the absence of an absolute denial of subject matter jurisdiction to the district courts, prohibition would lie to prevent the district court from assuming or exercising jurisdiction as a matter of comity.

The basis for this first proposition is, essentially, that contracts for public utility services are defined by statute regardless of the parties' desires to contract otherwise.

Petitioners argue in their Proposition II that plaintiffs cannot allege a cause of action for fraud based upon misrepresentations regarding regulated services or rates. The argument for this second point is, essentially, that the constitution charges all persons with knowledge that the Corporation Commission has exclusive and mandatory jurisdiction over the rates, charges,

and services of telephone companies. The basis for this is found in a provision within Section 18, Art. IX, that,

> "All rates, charges, classifications, rules, and regulations adopted, or acted upon, by any such company, inconsistent with those prescribed by the commission, within the scope of its authority, shall be unlawful and void."

Petitioners cite cases to support the fact that plaintiffs are presumed to know the law. Those cases deal with matters pertinent only by analogy.

Plaintiffs answer that this is not an action for breach of contract; it is not for specific performance; and they are not asking the Corporation Commission to force the company to give them service. They say that since the Corporation Commission cannot award damages for tortious conduct by a regulated body, plaintiffs only tribunal is the district court, and the petition for Writ of Prohibition should be denied.

Plaintiffs emphasize that their theory of recovery is based on the alleged false representations of defendants who, also, used their superior knowledge to induce plaintiffs to not appear before the Corporation Commission. They state that subject matter jurisdiction is properly in the district court, which has unlimited original jurisdiction of tort actions; that the Corporation Commission does not have jurisdiction of private disputes between public utilities and others, and note that the Corporation Commission has no jurisdiction to award a money judgment.

Plaintiffs call attention to the fact that the Corporation Commission entered an order on December 6, 1973, subsequent to petitioners' request for a writ, denying an application of plaintiffs, acting for themselves and others in the town of Noble and its surrounding area, to be included within the aforesaid Wide Area Calling Plan. In so doing, the Corporation Commission adopted the report and findings of the referee assigned to the matter. The adoption included the referee's finding that the representations made by the company's employees to the applicants were immaterial and irrelevant. Plaintiffs say that this emphasizes the fact that the Corporation Commission has no jurisdiction to determine matters in court wherein a public utility is a party defendant [i. e., this tort action].

Plaintiffs also urge that petitioners have a right of appeal, that there is an adequate remedy at law, and that, hence, no writ of prohibition should lie—any jurisdictional error of the lower court not being a reason for a writ. It is noted that the case cited and quoted to support this [State v. Dist. Judge of Pushmataha County (1937), 181 Okl. 286, 73 P.2d 457] also provides: "Generally the application for writ of prohibition will not be entertained unless it is clear that an inferior court is attempting to exercise jurisdiction beyond its power."

Plaintiffs also say that inconvenience, expense, or delay, will not support the granting of a writ but the writ will be granted for immediate injury or hardship. The brief concludes that subject matter jurisdiction lies with the district court, and cites a New York case [Stern Bros. Inc. v. New York Edison Co. (1937), 251 App. Div. 379, 296 N.Y.S. 857] to hold that fraud used to induce a contract with a public utility will serve as a basis for damages against the utility. A review of the case indicates that plaintiff was induced to contract under one schedule that defendant had filed with the Public Service Commission, instead of another, this being to its monetary disadvantage.

The foregoing outlines the case and positions of the parties. We now look to the statutory basis for the action.

76 O.S.1971, § 2 provides that one who wilfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers. Also, 76 O.S.1971, § 4, provides that one who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit.

■ The measure of damage for breach of an obligation not arising from contract is the amount which will compensate for all detriment proximately caused thereby. 23 O.S.1971, § 61. A jury, however, may give exemplary damages in such a case where the defendant has been guilty of actual or presumed fraud. 23 O.S.1971, § 9. In the absence of actual damages, there can be no exemplary damages. (Annotations under § 9)

■■ The elements of actionable fraud are: (1) That defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. All these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery. Ramsey v. Fowler (1957), Okl., 308 P.2d 654, cited in Steiger v. Commerce Acceptance Corp. (1969), Okl., 455 P.2d 81, 86. Also, the reliance referred to must be justifiable. 37 Am.Jur.2d, Fraud and Deceit, § 448; 37 C.J.S. Fraud § 30—to be remediable, a representation must have been of such a nature and made under such circumstances that the injured party had a right to rely upon it; 4A Matthew Bender, Fraud and Deceit, § 103[1] § 106. But the gist of fraudulent misrepresentation is the production of a false impression [State v. O'Bryan (1963), Okl., 385 P.2d 876] and damage sustained as the natural and probable consequence of the acts charged. McGuigan v. Harris (1968), Okl., 440 P.2d 680.

■ Oklahoma follows the view that fraud can be predicated upon a promise to do a thing in the future when the intent of the promisor is otherwise. Morris v. McLendon (1933), 167 Okl. 68, 27 P.2d 811, where a statement was made apparently to induce owner of mortgaged land to stay away from foreclosure sale, the person who made the statement buying the land for less than its value. This, of course, has reference in the instant case to the alleged inducement to plaintiffs to not appear before the Corporation Commission at the time of the hearing of the defendant company's application for the Wide Area Calling Plan. Fraud by misrepresentation that induces inaction is culpable. 37 C.J.S. Fraud § 41d.

■ We believe the action brought was in tort, and, as plaintiffs point out in support of their contention that the subject matter jurisdiction is properly laid in the district court, the district court has unlimited original jurisdiction of all justiciable matters, except as otherwise provided in the article. Section 7 Article VII, Oklahoma Constitution. But the question is whether this is a justiciable controversy.

■ Firmly within plaintiffs' petition is the statement that during the year 1970 the defendant company "announced its intention to *seek authority* from the Corporation Commission of the State of Oklahoma to apply for authority to establish a 'Wide Area Calling Plan,' . . . " (emphasis supplied) including cities and towns within various counties including that within which the Town of Noble is situated. The petition continued, stating that subsequent to the announcement, the defendant company represented to various persons in the Town of Noble that, were Noble to be included, certain costs would ensue. These statements in the petition carry the clear implication that plaintiffs had knowledge that the defendant company had not the authority to provide the residents and merchants of the Town of Noble with any assurance that the Corporation Commission would include Noble within the plan, nor that any plan would be forthcoming at all. Thus, it is not necessary to comment on defendants' view that the Oklahoma Constitution charges all persons with knowledge that the Corporation Commission has exclusive and mandatory jurisdiction over the rates, charges, and services of telephone companies. Certainly, as was stated in United Merchants & Mfgs. v. South Carolina E. & G. Co. (1953), 4 Cir., 208

F.2d 685, cited by defendants, a case wherein a company was allegedly fraudulently induced to withdraw its objections to a rate increase, the jurisdiction of the Commission over public utility rates is plenary [Section 18, Art. IX, Okl.Const.], a fact that plaintiffs by inference acknowledged knowing. This being so, the matter is not a justiciable controversy for the district court insofar as plaintiffs' action for damages is based on costs to them arising from the town not being included in the defendant company's application for the Wide Area Calling Plan.

Analogous to the instant case is the statement in United Merchants & Manufacturers, supra, that there could hardly be a showing that but for the withdrawal of United's objections, the commission would have denied, rather than approved, the application of Carolina Electric for the general rate increase. In the instant case, it could hardly be shown that, but for the non-inclusion of the Town of Noble in the defendant company's application, and but for plaintiffs' non-appearance at the hearing on the application, the Corporation Commission would have included the town in the plan. This was simply beyond plaintiffs' knowledge to act upon, and the correctness of this statement is demonstrated by the Commission's Order on December 6, 1973, denying the town's subsequent application to be included within the plan.

█ Turning to the matter of any other damages plaintiffs might have suffered by being misled into taking certain actions, as contrasted to being induced to not act, Oklahoma recognizes this, too, as a tort matter, for this Court has stated that where officers and agents of a corporation know of fraudulent representations, the same becomes the fraud of the corporation, and that a promise accompanied with an intention not to perform it, and made by the promisor for the purpose of deceiving the promisee and inducing him to act, where he otherwise would not have done so, constitutes fraud. Franklin Bond Corporation v. Smith (1933), 163 Okl. 70, 20 P.2d 912. It has been said that, legally speaking, an injury is a wrong done in violation of a right. [Equitable Savings & Loan Association v. Superior Court (1951), Cal.App., 230 P.2d 119], and every person is, by our statutes, bound to abstain from infringing upon another's rights. 76 O.S. 1971, § 1. The plaintiffs, of course, had a right to not be misled, and whether they were or not would be a matter for the trial court if it were properly before it. However, the matter was not properly before the trial court. This matter, too, relates back to plaintiffs' knowledge of both defendants' non-existent authority to assure them of anything that was exclusively within the jurisdiction of the Corporation Commission. Their knowledge precluded plaintiffs from having a right to actual damages, for, with that knowledge, there was an absence of special circumstances that would make it reasonable or probable that plaintiffs should accept the corporation agents' opinions and act upon them. 4A Matthew Bender, Fraud and Deceit, § 1.02[3] [b] [i], providing illustrative situations where such reliance has been held justifiable and citing as a general reference the Restatement of Torts, § 542 (1938). Without actual damage there is no liability (76 O.S.1971, § 2), and actual damage is a prerequisite of exemplary damages (23 O. S.1971, § 9; Moore v. Metropolitan Ins. Co. (1970), Okl., 477 P.2d 692), the gist of the action being the damage sustained, and not the fraud perpetrated. McGuigan v. Harris, supra. True, it does not matter that the damage may have been small or great, mere nominal damages being sufficient in Oklahoma to support exemplary damages (Moyer v. Cordell (1951), 204 Okl. 255, 228 P.2d 645), and it has been held that damages, though nominal are nonetheless actual, 17 A.L.R.2d, Punitive and Actual Damages—Relation, § 6, but there must be damages, and as stated in Mathies v. Kittrell (1960), Okl., 354 P.2d 413, "Since plaintiff has not stated a [justiciable] cause of action entitling him to any actual damages, the question of punitive damages becomes immaterial." So it is in the instant case. Fraud without damage will not support an action. 37 Am. Jur.2d, Fraud and Deceit, § 12, 37 C.J.S.

Fraud § 40. If plaintiffs were damaged, their damage is not the result of legal injury and cannot be made the basis of a cause of action. 1 C.J.S. Actions § 15b(1).

Because plaintiffs have suffered no damages which could be the basis of a cause of action they have no "right of action"[1] at law. The plaintiffs therefore have not invoked the general jurisdiction of the district court. In such circumstances this Court may prohibit the trial court from proceeding further, especially where this Court's action will prevent the expense of a trial, which if it resulted in a plaintiffs' verdict and judgment would only be reversed on appeal.

Petitioners' application for a writ of prohibition is granted. The respondent is prohibited from proceeding further in its case No. C–72–294 and from exercising further jurisdiction over petitioners in said matter.

Writ of Prohibition granted.

All of the Justices concur.

---

1. In Landry v. Acme Flour Mills Co., 1949, 202 Okl. 170, 211 P.2d 512, this court observed that a distinction exists between a "cause of action" and a "right of action", although the terms are often used as though they were the same, a right of action pertaining to the remedy and relief through judicial proceedings for satisfaction of the cause of action.