The plaintiffs seek to recover moneys charged by and paid the defendant for the use of track space occupied by freight cars, consigned to them, beyond a certain fixed or "free" time for unloading, known as "track storage" charges. The cars were all intrastate shipments, and were delivered to the plaintiffs between November first, 1907, and May twentieth, 1910. The charges were paid as follows: Twelve dollars on December seventeenth, 1907; twenty dollars on *Page 551 
July twenty-seventh, 1908; fifty-eight dollars on December twenty-ninth, 1909; thirty-eight dollars on November eleventh, 1910, and fifty dollars on June fourteenth, 1911. They were made pursuant to and in accordance with the schedules of tariffs and rules filed with the public service commission of the state prior to November first, 1907, and existing at the time they were paid. In or about the month of May, 1911, the plaintiffs filed with the public service commission a complaint that the charges were unjust and unreasonable. The commission, after a hearing, adopted, December 5, 1912, a resolution of the effect that the plaintiffs were entitled to recover from the defendant the charges upon the ground that they were unjust and unreasonable exactions. Neither allegation nor finding discloses any objection or protest against the charges, other than the complaint filed with the public service commission. The defendant did not attempt to obtain a review of the resolution. It refused to repay the charges, and for their recovery this action is brought. Such are, in effect, the facts proved by the stipulation of the parties and found by the trial court. The Appellate Division rightly reversed the judgment of the trial court and dismissed the complaint.
A rule of the common law is that a common carrier should charge, in each particular case, a reasonable compensation for the carriage or service rendered, and no more. It sprung from the fact that the property of the carrier has been devoted to a public use. The common law authorizes an action at law by the injured shipper or consignee to recover moneys paid, under protest or duress of goods, as exorbitant or unreasonable charges. The right to recover the moneys may, however, under the law of this state, differing in such respect from that of many other jurisdictions, be waived by the voluntary payment of them. (Killmer v. New York Central H.R.R.R. Co., 100 N.Y. 395;Strough v. New York *Page 552 Central H.R.R.R. Co., 92 App. Div. 584, affirmed, 181 N.Y. 533;Harmony v. Bingham, 12 N.Y. 99; Lough v.Outerbridge, 143 N.Y. 271.) Under the pleadings and proof the plaintiffs here are, manifestly, not entitled at common law to a recovery. Thus much is, in effect, conceded in the briefs of counsel.
The action is grounded in, and is sought to be maintained in virtue of, provisions of the Public Service Commissions Law (Cons. Laws, chapter 48). It is of course true that the state has the right, through the public service commission lawfully vested by it with authority, to prescribe what shall be reasonable charges of common carriers for intrastate transportation and services throughout the territory, unless restricted by the constitutional power of Congress. The Federal Act to Regulate Commerce contemplated no interference therewith. (Minnesota RateCases, 230 U.S. 352.) The action at bar asserts the doctrine that the public service commission is empowered to determine that a rate or charge for intrastate transportation duly scheduled and filed with it has been, through a period of years during which it has been filed and paid, and is, unreasonable and unjust, that the payor is entitled to recover from the carrier the excess fixed by the commission beyond the reasonable charge, and that the determination of the commission is prima facie proof in the courts of the state of the facts determined. We cannot discern in the statute such legislative intent.
The Public Service Commissions Law directs that every common carrier shall file, print and keep open to public inspection schedules showing rates for transportation by it within the state and, separately, all terminal charges, storage charges, icing charges, and all other charges which the commission may require to be stated, which the commission may, in its discretion, and the carrier may, under certain conditions and requirements, *Page 553 
from time to time change. (Sections 28, 29.) Compliance by the carrier with the provisions of these sections does not tend to establish that the scheduled rates or charges are reasonable. (People ex rel. New York Central H.R.R.R. Co. v. PublicService Comm., 215 N.Y. 241.) All the parties interested, the shipper, the consignee and the carrier, are bound to possess a knowledge of and to act in conformity with the scheduled rates and charges. (Sections 33, 34; Pennsylvania Railroad Co. v.Titus, 216 N.Y. 17.) The statute directs that all charges by the carrier for transportation or service "shall be just and reasonable and not more than allowed by law or by order of the commission having jurisdiction and made as authorized by this chapter." (Section 26.) Such provision is (a) merely declaratory of the common law, and (b) mandatory that a rate or charge fixed by a law or an order of the commission should not be exceeded. It, equally with the common law, fails to support the instant action. The statute authorizes the commission under a complaint and prescribed procedure to investigate as to any illegal act or thing done or illegally omitted to be done by any common carrier subject to its supervision. If the carrier "shall make reparation for any injury alleged and shall cease to commit, or to permit, the violation of law, franchise or order charged in the complaint, and shall notify the commission of that fact before the time allowed for answer, the commission need take no further action upon the charges. If, however, the charges contained in such petition be not thus satisfied, and it shall appear to the commission that there are reasonable grounds therefor, it shall investigate such charges in such manner and by such means as it shall deem proper, and take such action within its powers as the facts justify," and it shall make and file an order either dismissing the complaint or directing the carrier to satisfy the cause of complaint *Page 554 
in whole or to the extent which the commission may specify and require. (Section 48.) Section 49 treats of "rates and service to be fixed by the commission." It is exceedingly detailed and comprehensive and neither admits of nor requires a full statement here. Its present relevancy consists of its empowerment of the commission to fix by order the just and reasonable rates and charges to be thereafter observed by the carrier. The appellants assert that the enactments referred to by us within sections 48 and 49 authorized the commission to determine and to order that the plaintiffs were entitled to recover from the respondent the designated sums with interest, and that the determination or order, although not self-executing, was, in the courts of the state, an adequate basis for a judgment awarding the plaintiffs reparation in that sum. In connection with them the appellants direct our attention to section 40 providing that a carrier shall be liable in any court of competent jurisdiction to the persons or corporations injured by its acts or omissions which are illegal under the law of the state or an order of the commission. It is manifest that section 40 is of a general application and relates to the right of action it defines, with the intention that the right shall be enforced in accordance with the ordinary rules of procedure and evidence obtaining in the courts.
We return to sections 48 and 49. The enactments within them, relevant here, are those providing for a complaint against the carrier and if it shall appear to the commission that there are reasonable grounds for the charges in the complaint, "it shall investigate such charges in such manner and by such means as it shall deem proper, and take such action within its powers as the facts justify. 3. Whenever either commission shall investigate any matter complained of by any person or corporation aggrieved by any act or omission of a common carrier, railroad corporation or street railroad *Page 555 
corporation under this section it shall be its duty to make and file an order either dismissing the petition or complaint or directing the common carrier, railroad corporation or street railroad corporation complained of to satisfy the cause of complaint in whole or to the extent which the commission may specify and require." (Section 48.) There is not a basis or support for the assertion and arguments of the appellants, in the provision that the commission shall investigate and "take such action within its powers as the facts justify." The provision relates to the authority to investigate and the conducting of the investigation. It authorizes the commission to employ in the investigation all the general powers relating to mandates and process given it by the statute, which the facts justify. (Willcox v. Richmond Light R.R. Co., 142 App. Div. 44; affirmed, 202 N.Y. 515.) This is clearly shown by subdivision 3 which provides and defines the only adjudication, determination or order which the commission can make as the outcome or result of the investigation, in enacting that it, the investigation being completed, shall make and file an order dismissing the complaint or directing the carrier to satisfy the cause of complaint in whole or to the extent which the commission may specify and require. We conclude that the legislature did not intend in and by the provisions of section 48 that the commission might, as the result of an investigation, fix by a finding or a resolution or an order, to be proof in the courts of the ultimate fact determined, that the complainant was entitled to recover from the carrier a designated sum for and on account of exaction by the carrier of unjust and unreasonable charges. There is not any language in the section which suggests, and much less justifies, the opposite conclusion. Interpretation must be limited to the words used by the legislature. Otherwise it is sheer judicial legislation. Manifestly the language of the *Page 556 
subdivision 3 which we have quoted contemplated an order, involving obedience on the part of the carrier, enforcible by the commission in virtue of and in accordance with section 57, and efficient, through fulfillment, to satisfy, as ordered, the cause of the complaint. There is not within it a reasonable basis for the decision that the legislature was destroying an established rule of evidence and creating as a substitute the new rule that an order made pursuant to it should be prima facie evidence in the courts of the liability of the carrier. We need not make a reference to section 49 other than that already made, because it is evident that the resolution of the commission of December 5, 1912, was not within its power to determine the just and reasonable rates, fares or charges to be thereafter observed by the carrier, or other power conferred by the section. We do not find in the statute authorization to the commission to adopt the resolution or determination and it was and is inoperative as an adjudication.
The appellants argue that the authority to determine that an existing rate or charge is unjust and unreasonable and to fix the just and reasonable rate or charge includes, necessarily, the power to determine the measure of the excess paid, and, therefore, they argue, the commission can, through implied power, award reparation even as the interstate commerce commission can under the Federal act, which not only grants that commission the authority to determine that an existing rate or charge is unjust and unreasonable and to fix the just and reasonable rate or charge to be thereafter observed in such case as the maximum to be charged (Act to Regulate Commerce, section 15), but, in addition, expressly provides that upon a complaint for the recovery of damages because of unreasonable charges filed within two years from their accrument the commission shall investigate and make a report in writing containing findings of fact *Page 557 
with its recommendation as to what reparation, if any, should be made by the common carrier to any party or parties who may be found to have been injured; and such findings so made shall thereafter, in all judicial proceedings, be deemed prima facie
evidence as to each and every fact found; and if it determine that any party complainant is entitled to an award of damages under the provisions of the act for a violation thereof, it shall make an order directing the carrier to pay to the complainant the sum to which he is entitled on or before a day named. If a carrier does not comply with an order for the payment of money within the time limit in such order, the complainant may, within one year from the date of the order, institute suit in the Federal court by a petition setting forth briefly the causes for which he claims damages, and the order of the commission in the premises. Such suit shall proceed in all respects like other civil suits for damages, except that on the trial of it the findings and order of the commission shall be prima facie
evidence of the facts therein stated. (Id. sections 13, 14, 15, 16.) The appellants further argue that the award of reparation so made is a binding adjudication upon the parties. The argument of appellants is in its very beginning unsound. The determination, at a particular time, that a rate is unreasonable, and the fixing of a reasonable rate are not a determination that the destroyed rate has been unreasonable throughout its existence or for any certain part of its existence or that its excess above the reasonable rate can be measured for any certain time by the difference between the two rates or is the true measure of the damages sustained by the exaction. (Municipal Gas Company of theCity of Albany v. Public Service Commission, 225 N.Y. 89;Baer Brothers Mercantile Co. v. Denver R.G.R.R.,233 U.S. 479; People ex rel. New York Central H.R.R.R. Co. v. PublicService Commission, *Page 558 215 N Y 241; Atchison, T. S.F. Ry. Co. v. Spiller,
246 Fed. Rep. 1.)
The Federal law prohibits every unjust and unreasonable rate or charge. (Section 1.) It provides that a common carrier shall be liable to the person or persons injured for the full amount of damages sustained in consequence of its unlawful or forbidden act. It empowers the interstate commerce commission to determine that an existing rate or charge is unjust and to fix a just and reasonable charge. To empower it, however, to determine the sum of the damages resulting to a complainant from the unjust charge and constitute its findings and order of determination primafacie evidence of the facts at issue in the courts, express enactments to such effect, which are wholly lacking in the Public Service Commissions Law, were deemed and were essential. (LehighValley R. Co. v. Clark, 207 Fed. Rep. 717; Lehigh Valley R.Co. v. Meeker, 211 Fed. Rep. 785.) The legislature of this state apparently placed in section 48 the provision: "If the person or corporation complained of shall make reparation for any injury alleged and shall cease to commit, or to permit, the violation of law, franchise or order charged in the complaint, and shall notify the commission of that fact before the time allowed for answer, the commission need take no further action upon the charges," from the provision in section 13 of the Federal act: "If such common carrier, within the time specified, shall make reparation for the injury alleged to have been done, said carrier shall be relieved of liability to the complainant only for the particular violation of law thus complained of;" but did not carry into the statute the enactments of the Federal act, in virtue of which the created commission received and possessed the authority to determine through evidence and declare through findings the damages a complainant had sustained by reason of a rate or charge found to be unjust *Page 559 
or unreasonable, and in virtue of which those findings are in the courts prima facie evidence of the facts found.
The question as to whether or not a party claiming to have been injured by a rate or charge declared unreasonable by the public service commission may, after such declaration, maintain an action at common law to recover his damages is not presented or argued to nor considered by us. It is of course true that scheduled and filed rates, existing at any time, cannot be attacked in a common-law action. This, obviously, is necessary in order to preserve equality and uniformity in rates and the carrying out of the system intended and established by the Public Service Commissions Law. (Texas Pacific Ry. Co. v. AbileneCotton Oil Co., 204 U.S. 426; Robinson v. Baltimore OhioR.R. Co., 222 U.S. 506.)
The judgment should be affirmed, with costs.