JOSEPH M. PURCELL, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, November 2, 1934.

*Whalen, McNamee, Creble & Nichols [Charles E. Nichols* of counsel], for the appellant.

*Arthur H. Vinett [John A. Slade* of counsel], for the respondent.

HILL, P. J. Appeal by defendant from an order denying its motion for judgment on the pleadings dismissing the complaint and from an order granting plaintiff's motion to strike out four defenses pleaded in the amended answer.

Plaintiff is the assignee of the Duffney Brick Company, a domestic corporation now in receivership. The facts as pleaded in the complaint are that the brick company, between November,

1922, and May, 1930, delivered many carloads of brick to the Delaware and Hudson Railroad Company and the Boston and Maine Railroad Company at Mechanicville, for shipment to points in and about New York city. These cars were transferred to the defendant at Green Island or Troy, N. Y., for transportation over its lines at a freight rate fixed in schedules filed with the Public Service Commission by the defendant and the two originating railroads. The brick company objected that the rates were unreasonable and excessive, and from and after September, 1923, payment was made under protest. On November 20, 1924, a complaint was filed with the Public Service Commission. It was answered by the defendant, a hearing had in July, 1926, and a decision made on April 7, 1932, which determined the rate then charged to be unreasonable.

The decision dealt only with rates to be charged for future shipments, the concluding paragraph being, " Complainant seeks a finding with respect to the unreasonableness of the assailed rates when exacted. It is our opinion that our power in this respect is limited to the prescribing of reasonable rates for the future." The complaint is framed to permit a recovery, upon either of two theories, of the difference between the amount paid after September, 1923, and that which would have been paid under the rates which the Commission on April 7, 1932, found then to be reasonable: (a) under the common law, (b) that the decision of the Commission furnished the measure of damages for a statutory action under the Public Service Law (§ 40).

The courts of the State may not exercise their common-law jurisdiction between carrier and shipper after the Legislature, having full power to fix rates, has delegated this function to the Public Service Commission, and the Commission has occupied the field. It has been said in *Texas & Pacific Railway Co.* v. *Abilene Cotton Oil Co.* (204 U. S. 426, 441), " Indeed no reason can be perceived for the enactment of the provision endowing the administrative tribunal, which the act created, with power, on due proof, not only to award reparation to a particular shipper, but to command the carrier to desist from violation of the act in the future, thus compelling the alteration of the old or the filing of a new schedule, conformably to the action of the Commission, if the power was left in courts to grant relief on complaint of any shipper, upon the theory that the established rate could be disregarded and be treated as unreasonable, without reference to previous action by the Commission in the premises." In *Loomis* v. *Lehigh Valley Railroad Co.* (208 N. Y. 312) the court had under consideration a judgment recovered for materials supplied by the shipper between

August, 1906, and May, 1908, and used to make cars fit for the service for which they were furnished. The reasoning stated in the opinion upholding the jurisdiction of the State court in regard to this matter of intrastate transportation is (p. 325): " Primarily the question is not one of rates or regulation at all, but of the carrier's failure to perform its initial duty to give the shipper cars fit for the service for which they were furnished. That is obviously a duty with reference to which the Commission has power to make rules and regulations, and even rates, but until it acts within the scope of its powers, the subject is one of which our courts have cognizance under the general rules of law. * * * This power of fixing rates and making regulations concerning intrastate traffic is clearly within the jurisdiction of our State Public Service Commission, but their determinations are not retroactive. It is true that the Commission did not act until November, 1909, with reference to the shipment of cars used in intrastate shipments of produce in bulk, but it is that very fact which in our judgment left unaffected the jurisdiction of our State courts to deal with the question until the Commission had exercised its power over the subject."

Section 29 of the Public Service Law provides a forum in which the rights of shipper and carrier may be determined. It treats comprehensively of hearings to ascertain the reasonableness of the rates filed by a carrier and empowers the Commission to suspend their enforcement if unreasonable, and to establish temporary rates for six months, should the hearing continue so long. Within that period, it is to be expected that the Commission would fix permanent rates reasonable to each of the parties. This remedy given by statute, by implication, abrogates a shipper's former right to seek relief under the common law. The rates filed by the carrier are effective unless suspended and must be charged to every shipper. It has been said that a new public policy was initiated by this law and a new right declared and that " neither class would be permitted for its own benefit to set the rule at nought. The State through its delegate, the Commission, would lower the charges if too high. It would raise then if too low. [Citations.] " (*People ex rel. City of New York v. Nixon*, 229 N. Y. 356, 358, 359.) In *Matter of Dry Dock, E. B. & B. R. R. Co.* (254 N. Y. 305) the functions of sections 29 and 49 of the law are discussed. The opinion says concerning the two sections (p. 311): " Together they formulate a new public policy in regard to the rates which a common carrier may charge, and provide machinery for giving effect to that policy."

Common-law remedies have been abrogated by this statute as the Legislature has delegated to the Public Service Commission exclusive power to deal with the subject. In other States under quite similar laws such a conclusion has been reached by the courts. (*Guerney Heater Mfg. Co.* v. *N. Y., N. H. & H. R. R. Co.*, 264 Mass. 427; *St. Paul Book & Stationery Co.* v. *St. Paul Gaslight Co.*, 130 Minn. 71.)

Plaintiff's argument for a statutory action finds support in statements in the opinions in cases decided by the Supreme Court of the United States (*Texas & Pacific Railway Co.* v. *Abilene Cotton Oil Co., supra; Robinson* v. *Baltimore & Ohio Railroad*, 222 U. S. 506), made in reference to the Federal act to regulate commerce, which does provide a statutory cause of action. A corresponding right to bring an action is not contained in the State law. There the rights of the shipper are protected by the power of the Commission summarily to suspend a filed rate and fix a temporary rate for a period which ordinarily would permit a full hearing and final determination and the fixing of a permanent rate which, to the Commission, seemed fair to both parties. Under an amendment (§ 113, added by Laws of 1930, chap. 790, in effect April 25, 1930) the right to maintain a statutory action somewhat approximating that given by the Federal act is granted, but by its provisions and because of the date of its enactment, it does not apply to this case.

A statutory right of action under conditions here presented is not created by the Public Service Law. (*Murphy* v. *N. Y. Central R. R. Co.*, 225 N. Y. 548.) The decision of the Commission did not furnish a measure of damages for a period prior to the decision, as it dealt with the future and was not retroactive. (*Loomis* v. *Lehigh Valley Railroad Co., supra.*)

Defendant's motion to dismiss the complaint should be granted and plaintiff's motion to strike out the defenses contained in the amended answer should be denied.

RHODES and McNAMEE, JJ., concur; CRAPSER and BLISS, JJ., dissent and vote to affirm the orders appealed from.

Order denying defendant's motion for judgment upon the pleadings dismissing the complaint, reversed, on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Order granting plaintiff's motion to strike out four separate defenses in defendant's amended answer reversed, on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.