STERN BROTHERS, INC., Appellant, *v.* THE NEW YORK EDISON COMPANY, Respondent.

First Department, June 22, 1937.

*John Kirkland Clark* of counsel [*Edward T. Welch* with him on the brief; *Clark & Baldwin*, attorneys], for the appellant.

*Jacob H. Goetz* of counsel [*Richard Joyce Smith* and *Edwin D. Kyle, Jr.*, with him on the brief; *Whitman, Ransom, Coulson & Goetz*, attorneys], for the respondent.

UNTERMYER, J.   The complaint contains two causes of action. The first cause of action alleges that prior to 1929 the plaintiff had been supplied by the defendant with electric current and service at rates specified in a schedule known as " Service Classification No. 2."   In 1929 the defendant filed with the Public Service Commission a new alternative or optional schedule known as " Service Classification No. 5."   The defendant, it is charged, " thereupon represented to the plaintiff that certain conditions of usage then existing in the premises occupied by the plaintiff and the use of the current then being made by the plaintiff would result during the year ensuing in a reduction of the charges, if Service Classification No. 5 were adopted as the basis of the service and billing of current instead of Service Classification No. 2," of only about $1,500.   The plaintiff alleges that the representation was made by the defendant to influence its selection of the service to be supplied; that the plaintiff believed the representation and was induced thereby to continue to contract for current under service classification No. 2; that the representation was false " as the defendant well knew or had means of ascertaining with reasonable accuracy " in that the saving in cost amounted to more than $6,000 per year under service classification No. 5.

In the second cause of action fraud is not alleged but it is realleged that until 1929 the plaintiff received current under service classification No. 2 and that in that year the defendant filed its new alternative service classification No. 5, pursuant to which, under certain conditions of usage, the total charge for service to the plaintiff was less than the charge for the same years under service classification No. 2.   It is then alleged that the plaintiff during the years 1929 to 1931, inclusive, paid sums claimed by the defendant to be payable for the furnishing of electric current by the defendant in excess of the amount in fact properly chargeable therefor, by which amount the defendant became unjustly enriched.

The answer, in addition to denials and other defenses, sets forth as a third defense to both causes of action that the plaintiff duly filed written application for electric current and service under classification No. 2 for the period referred to in the complaint; that the application was accepted by the defendant and service furnished and that in accordance therewith charges for current were made and paid.   It is also alleged that thereafter the plaintiff filed a petition with the Public Service Commission, alleging substantially the matters set forth in the first cause of action in the complaint but that, after a hearing, the Commission entered an order discontinuing and closing the case upon its records and that the Commission's determination has never been set aside.

The plaintiff moved to strike out the third defense as insufficient in law. The Special Term denied the motion without consideration of the merits of the defense (*Emery* v. *Rochester Telephone Corp.*, 271 N. Y. 306) upon the ground that " the second cause [of action] is clearly inadequate and probably the first cause as well."

We think the first cause of action is sufficient and that the facts alleged constitute no defense thereto. The defendant challenges that cause of action principally on the theory that the representation consists of matters of opinion or prediction. We do not so interpret the complaint. The defendant's representation concerned conditions of usage " then existing " in the premises and the use of current " then being made " by the plaintiff which were " adopted as the basis " for calculating relative costs under service classification Nos. 2 and 5. Such a representation was not the expression of a prophecy or a matter of opinion, if, as we assume, the allegations of the complaint are true. (*Duncan* v. *Stoneham*, 253 N. Y. 183; *Hurowitz, Inc.*, v. *Selkin*, 241 App. Div. 269.) The question is not affected by the circumstance that the plaintiff took no affirmative action in reliance on the representation but only refrained from contracting for a change of service. Fraud which induces non-action where action would otherwise have been taken is as culpable as fraud which induces action which would otherwise have been withheld. (*Rothmiller* v. *Stein*, 143 N. Y. 581; *Continental Insurance Co.* v. *Mercadante*, 222 App. Div. 181; *Holloway* v. *Forsyth*, 226 Mass. 358; 115 N. E. 483.) The third defense is no answer to these allegations. The rejection by the Commission of the plaintiff's claim for a refund did not constitute an adjudication binding on the parties in subsequent judicial proceedings. (*Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548.) If so, we are aware of no theory on which its determination may be interposed as a defense.

We are of opinion, however, that the third defense is sufficient to the extent that it is pleaded to the second cause of action, even without consideration of the sufficiency of that cause. It will be remembered that the second cause of action does not charge fraud, but only alleges overpayment by the plaintiff for the service rendered. It is a complete answer to these allegations that the amount paid for the service was in exact accord with the plaintiff's contract for electric current for service under classification No. 2 pursuant to the schedules filed by the defendant with the Public Service Commission. (*Purcell* v. *N. Y. Central R. R. Co.*, 268 N. Y. 164.)

The order should be modified by striking out the third defense in so far as it is pleaded to the first cause of action contained in the complaint, and otherwise affirmed, without costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously modified by striking out the third defense in so far as it is pleaded to the first cause of action contained in the complaint. and otherwise affirmed, without costs.