SAM BINDER and SAM DURELL, Copartners, Doing Business under the Trade Name and Style of METRO STATIONERY & PRINTING Co., Plaintiffs, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.

City Court of New York, New York County, February 25, 1941.

*Hartman, Levy & Hartman* [*Seymour W. Levy* of counsel], for the plaintiffs.

*Whitman, Ransom, Coulson & Goetz* [*Jacob H. Goetz* and *Edwin D. Kyle, Jr.*, of counsel], for the defendant.

RYAN, Ch. J.   The defendant's motion for summary judgment is granted.   The complaint is dismissed.   Judgment may be entered accordingly.   Execution of judgment for costs is stayed for ten days after service upon the attorneys for plaintiffs of notice of entry of judgment.   There is no proof of fraud or of an express promise or undertaking by defendant to select a service classification for plaintiffs.   There was no duty imposed upon defendant by law to select the classification.   These plaintiffs made their own selection.   The change in 1937 was due to the fact that the classification under which plaintiffs were then being serviced was broken up into two parts: (1) Residence, and (2) general service.   As plaintiffs conducted a business, they could not be put into the residence classification, and it was proper to classify them as receiving general service.   Bills were regularly received by plaintiffs which showed the classification, and the charges made were paid by them without protest and either with knowledge of the facts or with the means of knowledge or information within their reach.   The principles discussed and applied in *Silver's Lunch Stores, Inc.*, v. *United Electric Light & Power Co.* (142 Misc. 744; modfd. and affd., 146 id. 554) are determinative here.   What was said in *Stern Brothers, Inc.*, v. *New York Edison Co.* (251 App. Div. 379, 381) is applicable here: " It is a complete answer to these allegations that the amount paid for the service was in exact accord with the plaintiff's contract for electric current for service under classification No. 2 pursuant to the schedules filed by the defendant with the Public Service Commission.   (*Purcell* v. *N. Y. Central R. R. Co.*, 268 N. Y. 164.) "   (Cf., also, *Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548.)