**UNITED MERCHANTS & MANU-FACTURERS, Inc.**

v.

**SOUTH CAROLINA ELECTRIC & GAS CO.**

No. 6652.

United States Court of Appeals Fourth Circuit.

Argued Nov. 24, 1953.

Decided Dec. 10, 1953.

**686**

Andrew B. Marion, Camden, S. C. (C. F. Haynsworth, Jr., W. Francis Marion, and Haynsworth & Haynsworth, Greenville, S. C., on the brief), for appellant.

G. L. B. Rivers, Charleston, S. C. (W. C. McLain and Arthur M. Williams, Jr., Columbia, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

South Carolina Electric and Gas Company (hereinafter called Carolina Electric) was supplying United Merchants and Manufacturers, Inc. (hereinafter called United) with electric power under a five-year contract expiring April 30, 1952. Carolina Electric was a public utility company, with its rates subject to control by the South Carolina Public Service Commission (hereinafter called the Commission).

United, in its complaint, alleged that, in 1950 it was advised by Carolina Electric that Carolina Electric was going to apply to the Commission for a rate increase which would affect all consumers and it wished to obtain the agreement of United not to oppose such rate increase. United felt that the increase was unwarranted and unjustified and so advised Carolina Electric.

When the application for a rate increase was made, United entered its objections before the Commission. After these objections had been entered by United, United alleges that Carolina Electric, through its duly authorized officers, approached United and offered to work out a compromise to the effect that while Carolina Electric had applied for a 15% increase before the Commission, if United would withdraw its objections to this increase, United could enter into the same type of agreement which Carolina Electric had with the Graniteville Company for the same length of time, which agreement was for an 8% general rate increase instead of a 15% increase, and the compromise agreement would run for approximately eight years. United states that it relied upon this representation of Carolina Electric, withdrew its appearance before the Commission and thereby waived any right it had to contest the application of Carolina Electric for a general rate increase. United further states that immediately after it withdrew its objections from the Commission, Carolina Electric put into effect an 8% increase in the rate during the months of February, March and April, but that during the latter part of April Carolina Electric advised United that its contract was expiring on April 30 and on May 1 the general rate increase of 15% which had been approved by the Commission would be put into effect.

United alleges that the representations made by Carolina Electric through its duly authorized agent relating to the

rate of increase to United were false; that the agent of Carolina Electric knew of their falsity and that he intended that United should act upon these material representations; that United was unaware that these representations were false and that relying upon such false and fraudulent representations, United withdrew its objections to the general rate increase.

Elaborate hearings were held by the Commission on the application of Carolina Electric for a general rate increase of 15%. There were many objectors, represented by counsel, and extensive evidence was heard. On January 16, 1952, the Commission granted in substance the application of Carolina Electric for the general rate increase.

The South Carolina law gives any customer of an electrical utility the right at any time to apply for a revision in utility rates, and gives the Public Service Commission the right at any time to change electrical utility rates after a hearing. Carolina Electric agreed with United that if the Commission changed the existing rate that Carolina Electric would refund the amount of any reduction in rates to United back to the date that the reduction was made effective.

Under this provision of the South Carolina law, United, subsequent to the general rate order, applied to the Commission for relief, alleging the rates charged United were discriminatory. United, in connection with this application, brought before the Commission the facts set out in the complaint of United in the instant civil action in the United States District Court, though no charge of fraud on the part of Carolina Electric was made before the Commission. This application of United was denied by the Commission. The record of the Proceedings brought by United before the Commission was made a part of the record of this case by mutual consent on this motion to dismiss and portions of this record have been printed as appendices to both briefs.

Further, United had a right under South Carolina law, to appeal from this decision to the courts of that State. United failed to prosecute this appeal and brought the instant civil action, based on fraud, in the United States District Court for the Eastern District of South Carolina.

United, in its complaint, alleges that as a result of the false and fraudulent representations of Carolina Electric which caused United to withdraw its objections before the Commission, United is now having to pay the increased rates which were put into effect by the Commission, to-wit: a 15% increase in its basic rates rather than an 8% increase as was represented by Carolina Electric, and that it will have to pay on the basis of the 15% increase over a period of some eight or nine years instead of having to pay the 8% increase over that period of years; and that United as a result of such fraudulent representations has been damaged in the sum of Two Hundred Thousand ($200,000.00).

United has admitted that all of the alleged fraudulent representations and agreement referred to in its complaint were verbal, and that there is no writing of any kind to evidence this agreement.

The District Judge dismissed the complaint, D.C., 113 F.Supp. 257, and United has duly appealed to us. We think this dismissal was quite correct and that the judgment below must be affirmed.

■ We think this was a case for the Commission, with the right of appeal to the South Carolina courts. The jurisdiction of the Commission over public utility rates is plenary. Even had Caroline Electric given to United the contract claimed by United, this contract would have required approval by the Commission.

It is not necessary for us to rule technically that United's civil action against Carolina Electric is a collateral attack upon a decision of the Commission. It is, at least, under the guise of a civil action for fraud, an attempt to by-pass the Commission, which should not be permitted. And there are many reasons justifying the refusal of a federal court

to interfere, through the instant civil action, with the orderly functioning of the machinery set up by South Carolina for the control of rates to be charged by a public utility.

It is at least an open question whether the alleged contract here between United and Carolina Electric is opposed to public policy. Certainly such contracts should be viewed with suspicion by the courts.

■ And, finally, we agree with the District Judge that United cannot prove damages resulting from the alleged fraud of Carolina Electric. There could hardly be a showing that but for the withdrawal of United's objections, the Commission would have denied, rather than approved, the application of Carolina Electric for the general rate increase. Particularly is this true in the light of the fact previously stated, that there were numerous other objectors to this application, represented by able counsel to the Commission the case against the rate increase.

No case directly in point has been cited by counsel, nor have we been able to find such a case. Stern Bros. Inc. v. New York Edison Co., 251 App.Div. 379, 296 N.Y.S. 857, upon which United heavily relies, can readily be distinguished. In the Stern Bros. case, the alleged fraud, held to be actionable, consisted of a representation by the electric company that consumer's adoption of a new service classification would result in a saving to the consumer of only $1,500.00 over use of classification then being used. This representation induced the consumer to continue the same classification, when the actual saving under new classification would have been over $6,000.00. The court held that rejection by the Public Service Commission of consumer's claim for refund of overcharge was a defense to consumer's claim for refund for overpayment from the service rendered, but was not an adjudication which would constitute a defense to the consumer's cause of action against the electric company for its alleged fraud which induced the consumer to continue using

the same classification. In the Stern Bros. case, there was no question of discrimination. Further, the rate charged the consumer was lawful, under the rules of the Commission, for the classification chosen by the consumer.

The judgment of the District Court is affirmed.

Affirmed.