**TRACO STEEL, INC., Plaintiff,**

v.

**James B. MITCHELL, Defendant.**

**Civ. A. No. 4973.**

United States District Court
D. South Carolina,
Anderson Division.

Jan. 12, 1966.

Neely & Otter, Anderson, S. C., for plaintiff.

Pope & Schumpert, Newberry, S. C., for defendant.

SIMONS, District Judge.

■ This matter is before the court on defendant's motion to dismiss the subject action on grounds that (1) the complaint fails to state a claim on which relief can be granted, and (2) the alleged claim is in violation of the Statute of Frauds. Oral argument and written briefs by counsel for plaintiff and defendant refer to original pleadings, depositions, and answers to interrogatories filed of record. Matters outside the pleadings being presented to the court, the motion shall be treated as one for summary judgment. Rule 56, Federal Rules of Civil Procedure.

Briefly stated the complaint alleges that on or about February 24, 1965, plaintiff and defendant through a real estate agent, Charles M. Felton, d/b/a Felton Real Estate and Insurance Company, representing the defendant, contracted for the purchase of 10 acres of land in Anderson, S. C., for $12,000; that plaintiff gave a check in the amount of $1000 to Felton as a binder; that Felton, acting under instructions from the defendant, deposited the $1000 in escrow; that on May 11, 1965, plaintiff notified defendant's agent, Felton, that it had the balance of the purchase price and requested the deed, at which time it was informed that the defendant had sold the property to another person; that plaintiff then tendered the purchase price and it was refused; that defendant's failure to perform perpetrated a fraud upon plaintiff; and plaintiff seeks specific performance of the contract or actual damages in the amount of $25,000 and punitive damages in the amount of $25,000.

The court will first consider defendant's motion to dismiss on grounds that plaintiff's complaint fails to state a claim upon which relief can be granted. Defendant alleges that the gravamen of plaintiff's cause of action is that defendant was guilty of fraud by agreeing to sell plaintiff the land in question and then selling it to another. Defendant further alleges that such conduct would not constitute fraud since it is well settled under South Carolina law that fraud cannot be predicated upon a promise to do something in the future although there may be no intention of fulfilling the promise, citing United Merchants and Manufacturers v. South Carolina Electric and Gas Company, D.C., 113 F. Supp. 257, aff'd. 4 Cir., 208 F.2d 685 [1953], and Jones v. Cooper, 234 S.C. 477, 109 S.E.2d 5 [1959].

■ It has been well settled in South Carolina in a series of cases commencing with Welborn v. Dixon, 70 S.C. 108, 49 S.E. 232 [1904], that a plaintiff, in order to prove fraud, must show not only a breach of contract but also fraudulent intent accompanied by a fraudulent act at the time of the breach.

After hearing oral argument by counsel and considering written briefs submitted, pleadings, interrogatories and answers to interrogatories contained in the file and referred to during the hearing of this motion, it is apparent to the court that genuine issues exist as to material facts in the case, including the knowledge of certain individuals as to various alleged transactions, the relationship of various persons with plaintiff and defendant, and the purpose and intent on the part of the parties in committing various acts. Furthermore, the issue of fraud must be determined by considering mixed questions of fact and law which necessarily include knowledge of parties concerned at the time certain acts were done and the intent and purpose of the various parties in doing specific acts. The record before the court indicates that the defendant's actions in the matter

may have exceeded the mere making of a promise to convey land in the future.

■■ It would appear that under the circumstances presented herein the trial judge, after hearing testimony and evidence presented during the trial of the subject case, would then be in a much better position than is this court at the present time to determine whether or not the facts in the case would support a verdict against the defendant for fraud. It would further appear that notwithstanding the issue of fraud, plaintiff may be able to establish a cause of action against defendant for breach of contract. Plaintiff is entitled to a trial upon any theory of action embodied in his complaint.[1] Therefore, defendant's motion to dismiss upon grounds that the complaint fails to state a claim upon which relief may be granted should not be granted at this stage.

The court will next consider defendant's motion to dismiss on grounds that the alleged claim is in violation of the Statute of Frauds.

Section 11–101 of the Code of Laws of South Carolina for 1962 provides:

> *"Agreements required to be in writing.*—No action shall be brought whereby: * * *.
>
> "(4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them; * * *
>
> "Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized."

■ It is well established under South Carolina law that sufficient part-performance of a parol contract for the conveyance of real estate will remove said contract from the operation of the Stat-ute of Frauds. And it is further well established under South Carolina law that a sufficiently definite memorandum of the terms will remove a parol agreement for the purchase of land from the Statute of Frauds.

For purposes of this motion defendant alleges that there is no valid oral or written contract between plaintiff and defendant for the sale of the real estate in question, but contends that if a parol agreement for the sale of the real estate should exist there has not been sufficient part-performance by the plaintiff nor a sufficiently definite memorandum exacted in order to take such parol agreement out of the Statute of Frauds. Defendant alleges that payment of $1000 by plaintiff to Felton, the real estate broker, is not sufficient part-performance to remove the case from the Statute of Frauds, even if Felton were defendant's agent; and that plaintiff has not been in possession of the property, has made no improvements thereon and no peculiar circumstances arise which would make it unconscionable to apply the Statute of Frauds against plaintiff's claim.

Plaintiff contends that a valid contract, either oral or written, does exist; that pursuant to plaintiff's offer of $12,000 for the property defendant sent a telegram to Charles Felton which stated "Proceed for $12,000", and that defendant subsequently executed a deed to plaintiff for the property in question which was to be held in escrow by defendant's attorney until the purchase price was tendered; and further, that plaintiff delivered to the said Charles Felton a check for $1000 marked "Binded: 10–A+/–Mitchell Prop. S. Murray Ave. Anderson, S. C. $1000.00 Bal. due $11,000.00, total price $12,000.00". It asserts that either or both of these writings constitute a sufficient memorandum to take any parol agreement out of the Statute of Frauds.

1. Rule 8 of Federal Rules of Civil Procedure; also, Lee v. Hodges, 321 F.2d 480 [4th Cir. 1963].

As stated in Scurry v. Edwards, 232 S.C. 53, 100 S.E.2d 812 [1957], the doctrine of part-performance rests essentially "upon the principle of equitable estoppel, which requires that the party sought to be charged upon a parol contract for the sale of land be denied the protection of the statute where the other party has done such acts in pursuance of and in reliance upon the contract that his application against such claim would be unconscionable."

 Here again the question of whether or not a valid oral or written contract existed between plaintiff and defendant and the question of whether or not there had been sufficient part-performance on the part of plaintiff or whether there had been created at any time between the parties a sufficient memorandum of a parol contract in order to remove the transaction from the Statute of Frauds rests upon a mixed question of fact and law which must necessarily be decided in considering the true relationships, knowledge, motives and intentions of the parties concerned in doing specific acts. Genuine issues exist as to most of these facts and the matters presented to the court for purposes of the motion are not such a complete state of undisputed facts as would permit this court to determine if the doctrine of equitable estoppel should apply herein against defendant. Also, the $1000 check paid to Felton and the deed executed by defendant may constitute a sufficient memorandum to remove the transaction from the Statute of Frauds, if a parol contract does exist, when considered along with all other relevant factors in the case. It would also appear that the trial judge would be in a better position to decide these issues as a matter of law, after hearing testimony and evidence presented in the case. Therefore, the court is of opinion that plaintiff's action should not be dismissed upon such grounds at the present time. It is, therefore,

Ordered that defendant's motion to dismiss on grounds that plaintiff's complaint failed to state a claim upon which relief can be granted is hereby denied at this stage of the proceedings. It is, further

Ordered that defendant's motion to dismiss on grounds that plaintiff's alleged claim is in violation of the Statute of Frauds be, and it hereby is, denied at this stage of the proceedings.