**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SUSAN R. GOKOOL,

    Plaintiff - Appellant,

v.

OKLAHOMA CITY UNIVERSITY;
OKLAHOMA CITY UNIVERSITY
SCHOOL OF LAW,

    Defendants - Appellees.

No. 17-6131
(D.C. No. 5:16-CV-00807-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

Susan R. Gokool, pro se,[1] appeals from the district court's order dismissing her

first amended complaint for failure to state a claim.[2] We have jurisdiction under

28 U.S.C. § 1291, and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Gokool was represented by counsel in the district court.

[2] In her notice of appeal, Gokool also appealed the district court's denial of her motion to alter or amend under Fed. R. Civ. P. 59(e). Gokool, however, fails to

I.

Gokool was previously a law student at Oklahoma City University

(University). In late June 2014—the conclusion of her first academic year—she

received an email informing her some type of hold had been placed on her student

account. A few days later, on July 5, Gokool received a letter of dismissal from the

associate dean for her failure to maintain the minimum required grade point average.

When she was unable to access her grades, she contacted the registrar's office on

July 7. The office told her the hold would be removed for the day so she could view

her grades. That same day, the associate dean of the law school emailed Gokool to

tell her that her appeal, if any, was due on July 16. Gokool timely filed her appeal.

On July 23, she was told the dismissal would stand. There was no mechanism for

further review.

Nonetheless, Gokool tried to get the law school to reconsider its decision.

When that effort failed, she took a different tack—arguing her appeal was

unsuccessful because of the hold on her account, which in turn delayed access to her

school records. This effort also failed.

Even though Gokool timely filed her appeal and never disputed her grade point

average was below the required minimum, she sued, alleging eight claims for relief:

(1) breach of implied contract; (2) bad faith; (3) breach of the duty of good faith and

discuss the issue in her brief and we deem it waived. *See Bronson v. Swensen*, 500
F3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider
arguments that are not raised, or are inadequately presented, in an appellant's
opening brief.").

fair dealing; (4) fraud; (5) negligence; (6) conspiracy; (7) disparate treatment; and (8) unjust enrichment. We agree with the district court that none of the claims state plausible claims for relief.

## II.

"We apply [a] de novo standard of review to dismissals under Fed. R. Civ. P. 12(b)(6)." *MediaNews Grp., Inc. v. McCarthey*, 494 F.3d 1254, 1260 (10th Cir. 2007). And "[b]ecause this is a diversity case, we apply the substantive law of the forum state, [Oklahoma]," in analyzing the claims. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To establish a facially plausible claim, "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The district court correctly applied the appropriate law to Gokool's claims to reach its conclusion that she failed to establish any facially plausible claims. We therefore affirm for substantially the same reasons set forth in the court's December 29, 2016, well-reasoned order. We discuss the claims briefly.

## III.

The district court concluded Gokool could not state any plausible claims for breach-of-contract because even if she had some sort of contract with the University, the majority of the conduct she alleged as the basis for her claims occurred *after* she was dismissed. This conduct is not actionable. *See Mason v. State ex rel Bd. of*

3

*Regents of Univ. of Okla.*, 23 P.3d 964, 970 (Okla. Civ. App. 2000) (holding "once [plaintiff student] was expelled, he was no longer party to any contract with [the University]"). As to the conduct that occurred before she was dismissed—the dean's alleged failure to respond to an email asking for academic assistance and a professor's disrespect for questions she asked in class—Gokool failed to point to a specific agreement that was breached. Instead, she relied on broad policy statements in various publications, which do not establish a contract. *See Bittle v. Okla. City Univ.*, 6 P.3d 509, 514 (Okla. Civ. App. 2000) (holding to the extent "educational institution's brochures, policy manuals and other advertisements may form the basis of a legally cognizable contractual relationship," plaintiff must point to "some specific, identifiable agreement for an educational institution's provision of particular services to its students and an arguable breach of that specific agreement").

The gist of Gokool's fraud claim was the University deliberately mischaracterizing the type of hold on her account, i.e. financial, administrative, or other, to sabotage her appeal. To prevail on a fraud claim, Gokool needed to establish, among other things, she "suffered injury" as a result of the University's alleged false and misleading representations about the hold on her account. *State ex rel. Sw. Bell Tel. Co. v. Brown*, 519 P.2d 491, 495 (Okla. 1974). There is no injury because: (1) the hold did not prevent Gokool from filing a timely appeal and (2) Gokool was dismissed for failure to maintain the required minimum grade point average—not because of any hold on her account.

4

Gokool's negligence claim was also properly dismissed. This claim was based on the University's alleged violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g(b)(2). We agree with the district court that Gokool's "claim ends . . . with her inability to point to any specific duty on the part of [the University] towards her, [because] '[t]he threshold question in any action for negligence is the existence of a duty,'" which "'is a question of law for the court.'" R., Vol. II at 79-80 (quoting *Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 82 (Okla. 2014)). Not only did Gokool fail to identify any duty, there is no private cause of action under § 1232g(b)(2).

According to Gokool, University administrators conspired to: (1) mislead her about the holds on her account; (2) deny her additional information about her grades; and (3) fail to maintain records about the holds on her account. This claim failed because "[a] conspiracy between two or more persons to injure another is not enough; *an underlying unlawful act is necessary* to prevail on a civil conspiracy claim." *Tanique, Inc. v. State ex rel. Okla. Bureau of Narcotics & Dangerous Drugs*, 99 P.3d 1209, 1218 (Okla. Civ. App. 2004) (internal quotation marks omitted). None of the conduct complained of was unlawful.

Gokool's claim for disparate treatment was also properly dismissed. "The two elements for establishing a cause of action pursuant to [42 U.S.C. § 2000d] are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." *Baker v. Bd. of Regents,* 991 F.2d 628, 631 (10th Cir. 1993). Gokool alleged she "is an older, female,

5

minority student." R., Vol. II at 17. She then alleged the University engaged in discrimination "by not placing the same HOLD on accounts of other similarly dismissed students of different racial groups than her." *Id*. This "general assertion[] of discrimination . . . without any details whatsoever of events leading up to her [dismissal], [is] insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (brackets, citation and internal quotation marks omitted). For example, Gokool "should know details about how [the University] treated her compared to other [racial groups]." *Id*. at 1194. Not only is this information missing, there are no factual allegations whatsoever in the first amended complaint about race.

Last, "[u]just enrichment is a condition which results from the failure of a party to make restitution in circumstances where not to do so is inequitable, *i.e.*, the party has money it its hands that, in equity and good conscience, it should not be allowed to retain." *Okla. Dep't of Sec. ex rel. Faught v. Blair*, 231 P.3d 645, 658 (Okla. 2010). Gokool's apparent theory of recovery is that the University was required to refund her first-year tuition payments when it dismissed her at the end of the academic year. But there is nothing wrong about the University keeping Gokool's first-year tuition because she received the instruction the school agreed to provide.

6

The judgment of the district court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge